## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

C<span>ASE</span> N<span>O</span>. 9:14-<span>CV</span>-80693-WJZ

WENDELL SMITH, individually and on
behalf of all others similarly situated,

    *Plaintiff*,

v.

IS3, INC., a Florida corporation,

    *Defendant*.
_____/

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

**TABLE OF CONTENTS**

**INTRODUCTION**..........................................................................................................................1

    **I.**    **FACTUAL BACKGROUND**........................................................................................2

        **A.  Facts Applicable to All Putative Class Members**......................................2

        **B.  Facts Applicable to Plaintiff Smith** ..............................................................3

        **C.  The Proposed Class**..........................................................................................4

    **II.**   **THE PROPOSED CLASS SATISFIES EACH OF THE REQUIREMENTS FOR CERTIFICATION** ............................................................................................4

        **A.  The Proposed Class Meets the Requirements of Rule 23(a)** .....................5

            i.  *The Numerosity Requirement is Satisfied* ..........................................5

            ii.  *The Commonality Requirement is Satisfied* .......................................6

            iii.  *Plaintiff's Claims are Typical of the Class*.........................................7

            iv.  *The Adequacy of Representation Requirement is Satisfied*.................8

        **B.  The Proposed Class Meets the Requirements of Rule 23(b)** .....................9

            i.  *Rule 23(b)(2) is Satisfied* .....................................................................9

            ii.  *Rule 23(b)(3) is Satisfied* ..................................................................11

**CONCLUSION** ............................................................................................................................13

i

# TABLE OF AUTHORITIES

**United States Supreme Court Cases**

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) ............................................................11

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974)..........................................................................5

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) .................................................................6, 7

*United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980)............................................11

*Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) ............................................................6, 10

**United States Circuit Court of Appeals Cases**

*Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183 (11th Cir. 2009).....................................................4, 5

*Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240 (11th Cir. 2003) .....................11

*Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546 (11th Cir. 1986).......................................................6

*Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011) .......................................................1 n.1

*Evans v. United States Pipe and Foundry Co.*, 696 F.2d 925 (11th Cir. 1983)................................6

*Heffner v. Blue Cross & Blue Shield of Alabama, Inc.*, 443 F.3d 1330 (11th Cir. 2006)............5, 9

*Hines v. Widnall*, 334 F.3d 1253 (11th Cir. 2003)...........................................................................7

*Kerr v. City of West Palm Beach*, 875 F.2d 1546 (11th Cir. 1989)................................................10

*Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718 (11th Cir. 1987) ................................................8

*Little v. T-Mobile USA, Inc.*, 691 F.3d 1302 (11th Cir. 2012).........................................................5

*Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266 (11th Cir. 2000) ...........................................8

**United States District Court Cases**

*Agan v. Kathzamn & Korr, P.A.*, 222 F.R.D. 692 (S.D. Fla. 2004)..........................................10, 11

*Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 238 F.R.D. 679 (S.D. Fla. 2006) .........7

*Brooks v. S. Bell Tel. & Tel. Co.*, 133 F.R.D. 54 (S.D. Fla. 1990) .................................................8

*Cheney v. Cyberguard Corp.*, 213 F.R.D. 484 (S.D. Fla. 2003) ........................................................ 7

*Diaz v. Hillsborough County Hosp. Auth.*, 165 F.R.D. 689 (M.D. Fla. 1996) ................................ 9

*Edmonds v. Levine*, 233 F.R.D. 638 (S.D. Fla. 2006) ..................................................................... 6

*Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697 (M.D. Fla. 2000) .............................................. 7

*Hall v. TuneUp Corp.*, No. 1:13-cv-1804 (N.D. Ill.) ...................................................................... 9

*Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669 (N.D. Ill. 1989) ......................... 6

*In re Terazosin Hydrochloride*, 220 F.R.D. 672 (S.D. Fla. 2004) ................................................. 4

*Krzykwa v. Phusion Projects, LLC*,
       No. 11-cv-62230, 2012 WL 6965716 (S.D. Fla. Mar. 22, 2012) .................................. 1 n.1

*Ledet v. Ascentive, LLC*, No. 11-cv-00294 (E.D. Pa.) ..................................................................... 9

*Martinez v. Mecca Farms, Inc.*, 213 F.R.D. 601 (S.D. Fla. 2002) .................................................. 6

*Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677 (S.D. Fla. 2008) ......................................... 8

*Rosen v. J.M. Auto Inc.*, 270 F.R.D. 675 (S.D. Fla. 2009) .......................................................... 9, 10

*Rottner v. AVG Techs., CZ, s.r.o.*, No. 12-cv-10920 (D. Mass.) ..................................................... 9

*Ruiz v. Robinson*, No. 11-cv-23766, 2012 WL 3278644 (S.D. Fla. Aug. 9, 2012) ......................... 4

*Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315 (S.D. Fla. 1996) ....................................................... 5

*Webb, et al. v. Cleverbridge, Inc., et al.*, No. 11-cv-04141 (N.D. Ill.) ............................................ 9

*Worley v. Avanquest N. Am., Inc.*, No. 12-cv-4391 (N.D. Cal.) ..................................................... 9

### State Court Cases

*Drymon, et al. v. Cyberdefender Corp.*, No. 11 CH 16779 (Cir. Ct. Cook County, Ill.) ................. 9

### Statutory Provisions

Fed. R. Civ. P. 23 ............................................................................................................ *passim*

### Miscellaneous Authorities

*Newberg on Class Actions* § 3:5 ..................................................................................................... 6

**INTRODUCTION**

Plaintiff Wendell Smith ("Plaintiff" or "Smith"), by and through his undersigned counsel, hereby respectfully moves the Court for an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), but requests that the Court enter and continue the instant motion until after the completion of discovery on class-wide issues, at which time, Plaintiff will submit a fulsome memorandum of points and authorities in support of class certification.[1]

This matter easily satisfies Rule 23's requisites to class certification. Through a common course of conduct, Defendant iS3, Inc. ("Defendant" or "iS3") promised Plaintiff and each member of the putative Class that its STOPzilla AntiVirus and STOPzilla AntiMalware software products (together, "STOPzilla") were capable of protecting their computers from viruses and other security threats. The problem with STOPzilla though, and what prompted this lawsuit, is that iS3 designed the software to scare users into purchasing and continuing to use the products by falsely reporting harmful security threats on a user's personal computer ("PC")—even when none actually exist. Plaintiff is one such consumer who was misled into purchasing the full version of STOPzilla.

In light of Defendant's conduct, Plaintiff filed this instant lawsuit and now respectfully moves the Court for an Order certifying this case a class action pursuant to Federal Rule of Civil

---

[1]  Plaintiff files this motion at the outset of the litigation to prevent Defendant from attempting a so-called "buy off" to moot his representative claims (*i.e.*, tendering to him the full amount of his individual damages alleged in the Complaint). *See*, *e.g.*, *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation."); *see also Krzykwa v. Phusion Projects, LLC*, No. 11-cv-62230, 2012 WL 6965716 (S.D. Fla. Mar. 22, 2012).

1

Procedure 23. Plaintiff's claims are readily certifiable because potentially thousands of consumers, like Plaintiff, were subjected to Defendant's misleading representations that STOPzilla would accurately detect and remove viruses and other harmful threats from their computers. Nowhere did Defendant disclose that STOPzilla's diagnostic scan results would be inaccurate or overstated, thereby inducing consumers to purchase and continue to use full version of the software. As a result, every class member purchased software that failed to perform the tasks advertised by Defendant and suffered injury in a nearly identical manner (*i.e.*, damages in the form of the difference between what they paid for the software and what it's actually worth).

For these reasons and as discussed further herein, the proposed Class meets each of the requisites to certification under Federal Rules 23(a), 23(b)(2), and (b)(3), and the instant motion may be granted in its entirety. Notwithstanding, Plaintiff respectfully requests that the Court (i) enter and reserve ruling on Plaintiff's Motion for Class Certification; (ii) allow for and schedule discovery to take place on class-wide issues; (iii) grant Plaintiff leave to file a supplemental memorandum in support of his Motion for Class Certification upon the conclusion of class-wide discovery; (iv) grant Plaintiff's Motion for Class Certification after full briefing of the issues presented herein; and (v) provide all other and further relief that the Court deems reasonable and just.

## I.   FACTUAL BACKGROUND.

### A.   Facts Applicable to All Putative Class Members.

iS3 promotes STOPzilla through online advertisements and on its websites as software that will "detect[], block[], and remove[] infections [from an individual's computer]" and that is otherwise capable of "protect[ing them] from Viruses and Malware . . . ." (Compl. ¶¶ 14, 15.) Through the marketing materials contained on its websites, STOPzilla strongly encourages that

consumers download a "15-day trial" version of STOPzilla to detect and block "Spyware and other infections." (*Id*. ¶¶ 3, 14.) However, rather than provide these beneficial tasks, consumers who download the trial version of STOPzilla are uniformly notified that their computers are afflicted by harmful "infections." (*Id*. ¶¶ 3, 17.) That is because STOPzilla is designed to invariably label files as "infections." (*Id*.) As a result, users of the software are misled into believing that the purchase of the full version of STOPzilla is necessary to remove the so-called threats on their computers. (*Id.*)

**B.      Facts Applicable to Plaintiff Smith.**

Plaintiff Smith is just one of potentially thousands of consumers who was misled into purchasing the STOPzilla software. Specifically, in or around March of 2014, while browsing the Internet, Plaintiff was presented with a pop-up advertisement for STOPzilla Antivirus. (*Id*. ¶ 42.) After clicking on the advertisement, Smith was directed to one of Defendant's websites (www.stopzilla.com) and read Defendant's express warranties about the software's utility. (*Id*. ¶ 43.) Relying upon representations made by iS3—namely that STOPzilla "detects, blocks, and removes infections before they can attack your system and do damage" and that it "works to protect you from Viruses and Malware without slowing down your PC"—Smith downloaded the free trial version and then purchased the full version of the software. (*Id*. ¶ 44.)

In reality, as discussed above, STOPzilla was designed to arbitrarily and invariably falsely report innocuous files as infections. (*Id*. ¶ 45.) As such, Plaintiff purchased the product under the falsely created belief that STOPzilla was capable of honestly and accurately assessing the condition of his computer and was otherwise able to remove harmful infections and security threats as promised. (*Id*.)

### C. The Proposed Class.

As a result of Defendant's conduct described above, Plaintiff brought the instant lawsuit and now seeks certification of a nationwide class of individuals (the "Class"), defined as follows:

> All individuals and entities in the United States that have purchased the STOPzilla AntiVirus or STOPzilla AntiMalware software.[2]

As demonstrated below, the proposed Class meets each of Rule 23's prerequisites to certification and therefore, the instant motion should be granted in its entirety.

### III. THE PROPOSED CLASS SATISFIES EACH OF THE REQUIREMENTS FOR CERTIFICATION.

A class should be certified pursuant to Rule 23 when the proponent of certification demonstrates that each of the requirements of Rule 23(a) and at least one of the subsections under Rule 23(b) have been satisfied. Fed. R. Civ. P. 23; *Ruiz v. Robinson*, No. 11-cv-23766, 2012 WL 3278644 (S.D. Fla. Aug. 9, 2012). Rule 23(a) requires that the proposed class be so numerous that joinder of all individual class members is impracticable (numerosity); that there are common questions of law and fact that affect all class members (commonality); that the proposed representative's claims are typical of those of the class (typicality); and, that both the named representative and his or her counsel have and will continue to adequately represent the interests of the class (adequacy). *See Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1189-90 (11th Cir. 2009); *In re Terazosin Hydrochloride*, 220 F.R.D. 672, 684 (S.D. Fla. 2004).

Plaintiff seeks certification of the proposed Class pursuant to both Rule 23(b)(2) and

---

[2] The following individuals and entities are excluded from the Class: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and its current and former employees, officers and directors, (2) the Judge or Magistrate to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released, and (5) the legal representatives, successors, or assigns of any such excluded person.

23(b)(3). In order to certify a class under Rule 23(b)(2), a plaintiff must show that the party opposing certification has acted or failed to act on grounds generally applicable to the proposed class as a whole, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2); *see also Heffner v. Blue Cross & Blue Shield of Ala., Inc.*, 443 F.3d 1330, 1344 (11th Cir. 2006). Likewise, in order to certify a class under Rule 23(b)(3), a named representative must demonstrate (i) that the questions of law or fact common to the class members predominate over any questions affecting only individual members, and (ii) that the class mechanism is superior to other available methods for fairly and efficiently adjudicating the controversy. *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012).

Finally, in determining whether to certify a proposed class, a court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974); *see also Walco Invs., Inc. v. Thenen*, 168 F.R.D. 315, 323 (S.D. Fla. 1996) ("Moreover, and most importantly, in determining whether to certify a class, the Court is not to examine the underlying merits of the claims."). Indeed, a court should only consider "the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied." *Babineau*, 576 F.3d at 1190. Thus, courts are required to analyze the allegations of the complaint and any evidence submitted by the parties with a presumption in favor of certification. *Id*.

    **A.**    **The Proposed Class Meets the Requirements of Rule 23(a).**

        *i.*    *The Numerosity Requirement is Satisfied.*

The first requirement of Rule 23(a) is met when "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1); *see Walco Invs., Inc.*, 168 F.R.D. at 324 (holding that the size of the class is the most important factor in determining whether joinder is impracticable). In determining whether this requirement is satisfied, the court need not determine

5

the precise number of class members and may make common sense assumptions to find support for numerosity. *See Martinez v. Mecca Farms, Inc.*, 213 F.R.D. 601, 605 (S.D. Fla. 2002) (citing *Evans v. United States Pipe and Foundry Co.*, 696 F.2d 925 (11th Cir. 1983)). Generally, the numerosity requirement is not met with numbers less than 21, but is satisfied when the class comprises 40 or more members. *See Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986); *Martinez*, 213 F.R.D. at 605.

Here, Plaintiff alleges—and discovery will show—that Defendant has sold its software to thousands of individuals throughout the country. (Compl. ¶¶ 48); *see Edmonds v. Levine*, 233 F.R.D. 638, 640-41 (S.D. Fla. 2006) (finding that "[t]here is no question" that the numerosity requirement is satisfied when plaintiffs estimate a class consisting of "thousands"); *Heastie v. Community Bank of Greater Peoria*, 125 F.R.D. 669 (N.D. Ill. 1989) (classes numbering in the thousands "clearly" satisfy the numerosity requirement); *Newberg on Class Actions* § 3:5, 243-46 ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands . . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met."). Accordingly, the proposed Class satisfies the numerosity requirement.[3]

### ii. The Commonality Requirement is Satisfied.

The second prerequisite to certification requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). To meet the commonality requirement, the representative plaintiff is required to demonstrate that the proposed . . . class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). In other words, commonality requires

---

[3] To the extent the Court requires additional details regarding the number of members in the Class, such information may be obtained from Defendant's records through discovery.

6

that the claims of the class "depend upon a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Even so, "[t]he threshold for commonality is not high." *Boca Raton Cmty. Hosp., Inc. v. Tenet Healthcare Corp.*, 238 F.R.D. 679, 691 (S.D. Fla. 2006) (quoting *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003)). As such, "[n]ot all factual or legal questions raised in the litigation need be common so long as at least one issue is common to all class members." *Fuller v. Becker & Poliakoff, P.A.*, 197 F.R.D. 697, 700 (M.D. Fla. 2000).

Here, all members of the proposed Class share common questions of fact that predominate over issues affecting only individual members. Those common factual issues for the Class include: (1) whether Defendant intentionally designed STOPzilla to invariably report that harmful "infections" threaten a computer and require repair (it did); and (2) whether Defendant intentionally misrepresented the functionality of the STOPzilla software (it did). (Compl. ¶ 49.) These common factual questions also lead to several legal questions common to the Class, including: (1) whether Defendant's conduct described herein constitutes fraudulent inducement; (2) whether Defendant's conduct described herein constitutes breach of contract; and (3) whether Defendant has been unjustly enriched as a result of its conduct. (*Id.*)

Accordingly, the commonality requirement is met as well.

### iii. Plaintiff's Claims are Typical of the Class.

Typicality, the next requirement under Rule 23, requires that Plaintiff's claims be typical of those of the other Class members. Fed. R. Civ. P. 23(a)(3). "[T]ypicality measures whether a significant nexus exists between the claims of the named representative and those of the class at large." *Hines v. Widnall*, 334 F.3d 1253, 1256 (11th Cir. 2003) (internal quotation omitted). The

7

purpose of the typicality requirement is to ensure that "the named plaintiffs have incentives that align with those of absent class members so as to assure that the absentees' interests will be fairly represented." *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). Thus, the typicality requirement is satisfied where, in proving his or her own case, "the representative plaintiff [also] establishes the elements needed to prove the class members' case. . . ." *Pop's Pancakes, Inc. v. NuCO2, Inc.*, 251 F.R.D. 677, 683 (S.D. Fla. 2008) (citing *Brooks v. S. Bell Tel. & Tel. Co.*, 133 F.R.D. 54, 58 (S.D. Fla. 1990)).

Here, Plaintiff and the proposed Class were each subjected to Defendant's common course of conduct. That is, Defendant misrepresented the utility of its STOPzilla software to Plaintiff and the putative Class, designed the software to misrepresent to them the condition of their computers, and misled them into remitting payment for the full version of the software despite knowing (or having reason to know) that it could not perform the beneficial tasks promised. (Compl. ¶¶ 5, 14, 15, 19, 20, 24, 37.) Thus, Plaintiff's claims are typical of the Class's.

### iv. The Adequacy of Representation Requirement is Satisfied.

Finally, Rule 23(a)'s last requirement demands that the representative parties have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Fulfilling this requirement mandates that (i) the class representative possesses no interests antagonistic to the class and (ii) class counsel is competent. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726-28 (11th Cir. 1987).

Plaintiff Smith has the same interests as the other members of the Class. They were all deceived into purchasing and continuing to use the full version of the STOPzilla software and have lost money in the form of the fees Defendant charged and collected from them as a result.

(Compl. ¶¶ 2, 15, 38, 44, 51.) Plaintiff has no interests antagonistic to those of the Class and therefore, will fairly and adequately protect the interests of the Class. (*Id.* ¶ 51.) Plaintiff's pursuit of the instant action demonstrates as much.

Similarly, Plaintiff's counsel are well-respected members of the legal community who have extensive experience in class actions of similar size, scope, and complexity to the instant action. (*Id.*) They have regularly engaged in major complex litigation involving consumer technology issues, have the resources necessary to conduct litigation of this nature, and have frequently been appointed lead class counsel by courts throughout the country. (*See* Firm Resume of Edelson PC, a true and accurate copy is attached as Exhibit 1.) To date, proposed class counsel have also diligently investigated and dedicated substantial resources to the claims in this action, and they will continue to do so throughout its pendency. And, with respect to specific experience handling class actions of this sort, class counsel have in the past and are currently prosecuting numerous class actions related to the alleged deceptive design and marketing of software products similar to those at issue here. *See*, *e.g.*, *Drymon, et al. v. Cyberdefender Corp.*, No. 11 CH 16779 (Cir. Ct. Cook County, Ill.); *Webb, et al. v. Cleverbridge, Inc., et al.*, No. 11-cv-04141 (N.D. Ill.); *Ledet v. Ascentive, LLC*, No. 11-cv-00294 (E.D. Pa.); *Rottner v. AVG Techs., CZ, s.r.o.*, No. 12-cv-10920 (D. Mass.); *Hall v. TuneUp Corp.*, No. 1:13-cv-1804 (N.D. Ill.); *Worley v. Avanquest N. Am., Inc.*, No. 12-cv-4391 (N.D. Cal.).

Accordingly, the adequacy requirement is likewise satisfied.

  **B.  The Proposed Class Meets the Requirements of Rule 23(b).**

Once the prerequisites of Rule 23(a) are satisfied, one of the three subsections of Rule 23(b) must be as well. Here, Plaintiff seeks certification of the proposed Class under both

9

sections (b)(2) and (b)(3).

>   i.   *Rule 23(b)(2) is Satisfied.*

Rule 23(b)(2) provides that the party opposing certification must have acted or failed to act on grounds generally applicable to the proposed class, "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." *See also Heffner*, 443 F.3d at 1344. In cases in which the defendants have acted in a manner generally applicable to the class, and the relief sought is predominantly injunctive in nature rather than essentially a claim for damages, the proposed class may be certified under Rule 23(b)(2). *Rosen v. J.M. Auto Inc.*, 270 F.R.D. 675, 684 (S.D. Fla. 2009). Additionally, the requirement that the defendant act on grounds generally applicable to the 23(b)(2) class is encompassed in the commonality requirement of Rule 23(a), and where a court finds that the commonality requirement is met, the court should also find that the plaintiff has satisfactorily alleged that the defendants acted on grounds generally applicable to the class. *Diaz v. Hillsborough County Hosp. Auth.*, 165 F.R.D. 689, 695 (M.D. Fla. 1996).

There should be no question that Defendant acted on grounds generally applicable to the Class as a whole. It represented to each member of the putative Class that his or her computer was afflicted with harmful security threats and that STOPzilla was capable of removing them. (Compl. ¶¶ 2, 15, 20, 38, 44.) Regardless of the actual form they took, each of the representations Defendant made to the Class were essentially the same: it represented that STOPzilla would accurately detect, report, and remove harmful infections or security threats on a user's PC and otherwise perform the beneficial tasks described above, when in fact, it could not. (*Id.* ¶¶ 2, 15, 20.) Defendant's conduct did not vary significantly from Class member to Class member and therefore, final injunctive relief is necessary to protect Plaintiff and the other members of the Class from such conduct in the future.

Thus, the requirements of Rule 23(b)(2) are satisfied.

        ii.      *Rule 23(b)(3) is Satisfied.*

Plaintiff also seeks certification of the proposed Class under Rule 23(b)(3), which provides that a class action may be maintained where the questions of law and fact common to members of the class predominate over any questions affecting only individual members, and the class action mechanism is superior to other available methods for the fair and efficient adjudication of the controversy. As discussed below, this case meets both of these requirements.

When considering predominance, "[i]t is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions." *Rosen*, 270 F.R.D. at 681. The "inquiry into whether common questions predominate over individual questions is generally focused on whether there are common liability issues which may be resolved efficiently on a class-wide basis." *Agan v. Kathzamn & Korr, P.A.*, 222 F.R.D. 692, 700 (S.D. Fla. 2004); *see Dukes*, 131 S. Ct. at 2551-57. Common questions that predominate over individual issues are those that are "subject to generalized proof, and thus applicable to the class as a whole . . . ." *Kerr v. City of West Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989) (internal citations and quotations omitted).

Here, Plaintiff's and the putative Class's claims all arise from Defendant's standardized design, promotion and marketing of the STOPzilla software, which resulted in Defendant charging and collecting fees from Plaintiff and the Class for the full registered versions of the software in precisely the same manner. As such, the common question at issue in this case—described in Section II.A.ii, *supra*—clearly predominate.

Moreover, the evidence necessary to prove Plaintiff's and the Class's claims will come from within Defendant's own records, rather than from individual Class members themselves.

11

That is, it was Defendant that designed its online advertising and marketing materials such that they failed to disclose the software's true functionality. As a result, the information necessary to prove Plaintiff's and the Class's claims—*e.g.*, the internal communications regarding marketing and software design, the software's underlying source code, and software developer notes—will come from within Defendant's own records.[4]

Rule 23(b)(3) further requires that the class action mechanism be superior to the other available methods for the fair and efficient adjudication of the controversy. "The inquiry into whether the class action is the superior method for a particular case focuses on 'increased efficiency.'" *Agan*, 222 F.R.D. at 700. Class actions are particularly appropriate when they function as "[a] convenient and economical means for disposing of similar lawsuits, and the facilitation of the spreading of litigation costs among numerous litigants with similar claims." *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1246 (11th Cir. 2003) (quoting *United States Parole Commission v. Geraghty*, 445 U.S. 388, 402-03 (1980)); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (stating that the "very core of the class action mechanism is to overcome the problem that small recoveries do not provide an incentive for any individual to bring a solo action prosecuting his or her rights.").

The instant class action is superior to other available methods for litigating Plaintiff's and the other Class members' claims. Absent class treatment, each individual Class member would be required to present the same or essentially the same legal and factual arguments, in separate and duplicative proceedings, the result of which would be a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants. Such a result would be neither efficient nor fair to anyone, including Defendant. Moreover, there is no indication that members

---

[4]     Additionally, records of who actually purchased the software and thus, who falls within the putative Class, will also be within Defendant's possession and control.

12

of the Class have a strong interest in individual litigation, let alone any incentive to pursue their claims individually, given the small amount of damages likely to be recovered relative to the resources required to prosecute such an action. Similarly, class certification would promote consistency of rulings and judgments, giving all parties the benefit of finality.

Accordingly, the superiority requirement is satisfied as well.

## CONCLUSION

For the foregoing reasons, and those which will be borne out by class discovery, this case is appropriate for class certification. Accordingly, Plaintiff Wendell Smith, on his own behalf and on behalf of the proposed Class, respectfully requests that the Court: (i) enter and reserve ruling on Plaintiff's Motion for Class Certification; (ii) allow for and schedule discovery to take place on class-wide issues; (iii) grant Plaintiff leave to file a supplemental memorandum in support of his Motion for Class Certification upon the conclusion of class-wide discovery; (iv) grant Plaintiff's Motion for Class Certification after full briefing of the issues presented herein; and (v) provide all other and further relief that the Court deems reasonable and just.[5]

Respectfully submitted,

**WENDELL SMITH**, individually and on behalf of all others similarly situated,

Dated: May 27, 2013

By: /s/ Scott D. Owens
   One of Plaintiff's Attorneys

Scott D. Owens (Florida Bar No. 597651)
scott@scottdowens.com
SCOTT D. OWENS, P.A.
664 East Hallandale Beach Boulevard
Hallandale, Florida 33009
Tel: 954.589.0588
Fax: 954.337.0666

---

[5] Plaintiff respectfully reserves the right to amend the Class Definition, as appropriate, at the conclusion of class-wide discovery.

13

          Benjamin H. Richman*
          brichman@edelson.com
          Courtney C. Booth*
          cbooth@edelson.com
          EDELSON PC
          350 North LaSalle Street, Suite 1300
          Chicago, Illinois 60654
          Tel: 312.589.6370
          Fax: 312.589.6378

          *Pro Hac Vice admission to be sought.

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on May 27, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties listed below, if any, who are not authorized to receive electronically Notices of Electronic Filing.

          IS3, INC.,
       c/o MARTIN V. KATZ (Registered Agent)
       625 N. FLAGLER DRIVE, 9TH FLOOR
        WEST PALM BEACH, FL 33401


         By: *s/ Scott D. Owens*
           Scott D. Owens, Esq.