UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
9:14-cv-80693-WJZ

WENDELL SMITH, individually, and on
behalf of all others similarly situated,

    Plaintiff,

vs.

IS3, INC., a Florida Corporation,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS CLASS ACTION COMPLAINT

COMES NOW Defendant, IS3, INC. (hereinafter "Defendant" or "IS3"), by and through the undersigned counsel, and respectfully moves this Honorable Court for entry of an order granting the Defendant's Motion to Dismiss Class Action Complaint filed by the Plaintiff, WENDELL SMITH individually, an on behalf of all others similarly situated (hereinafter "Plaintiff" or "Smith"), and in support thereof states the following:

## INTRODUCTION

This case arises out of the Defendant's advertising and sale of the software STOPzilla AntiVirus and STOPzilla AntiMalware (hereinafter referred to as "STOPzilla"). *See,* Complt. [D.E 1]. Specifically, Plaintiff alleges that STOPzilla was marketed to protect computers from viruses and other security threats. *Id.* Plaintiff claims, however, that STOPzilla is incapable of delivering the results as advertised and that Defendant induced the purchase of STOPzilla. *Id.* As such, Plaintiff claims that he, individually, and all others similarly situated, have suffered

damages. *Id.* As a result, the Plaintiff has filed a putative class action[1] involving alleged claims of Fraudulent Inducement, Breach of Contract, and Unjust Enrichment or in the alternative, Breach of Contract. *Id.* As will be explained in greater detail below, however, the Plaintiff's Complaint falls woefully short of the pleading requirements for the claims alleged and, as a result, Defendant is entitled to an Order dismissing the Plaintiff's Complaint against it.

## GOVERNING STANDARD

### A.   Legal Standard Governing Motion to Dismiss

In deciding a motion to dismiss, the court must accept all of the alleged facts as true and draw all inferences from such facts in favor of the Plaintiff. *Cruz v. Beto,* 405 U.S. 319, 322 (1972); *Hunnings v. Texaco, Inc.,* 29 F.3d 1480, 1484 (11th Cir. 1994). "However, to survive a motion to dismiss, a Plaintiff must do more than merely 'label' his claims. Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal for failure to state a claim." *Am. Honda Motor Co., Inc. v. Motorcycle Info. Network,* 390 F. Supp. 2d 1170, 1175 (M.D. Fla. 2005) (citing *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996); *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003); *Day v. Taylor,* 400 F.3d 1272 (11 Cir. 2005)). In other words, the Court should not assume that the Plaintiff can prove facts not alleged or that the defendant has violated the law in ways not alleged. *Assoc. Gen'l Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The court can order dismissal of a complaint based on a dispositive issue of law, regardless of the facts alleged by the Plaintiff in the complaint. *Marshall County Bd. of Ed. v. Marshall County Gas District,* 992 F.2d 1171, 1174 (11th Cir. 1993). Finally, in its discretion, this Court may accept material that is offered in conjunction with this 12(b)(6) motion

---

[1] The Defendant does not believe this action is appropriate for class treatment and, pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, will file a Response to the Motion for Class Certification under separate cover.

to dismiss and treat the motion as one for summary judgment. Fed.R.Civ.P. 12(b); *Property Mgmt. & Investments, Inc. v. Lewis,* 752 F.2d 599, 604 (11th Cir. 1985).

**B.      The Court Should Consider the Terms and Conditions of Plaintiff's Purchase**

The Court should not limit its inquiry on this motion to consideration of the allegations in the Complaint alone.  Rather, the Court can, and should, consider the terms and conditions of the transaction between Plaintiff and IS3 that gave rise to Plaintiff's cause of action.

When determining the sufficiency of a plaintiff's claim under Rule 12(b)(6), a court's consideration is generally limited to the factual allegations in the complaint or documents attached to the complaint.  One exception to this general rule allows a court to consider documents attached to a motion to dismiss, but not attached to the complaint, if those documents are central to the plaintiff's claims and are undisputedly authentic. *See, e.g., Maxcess v. Lucent Technologies, Inc.,* 433 F.3d 1337, 1341 n. 3 (11th Cir. 2005); *Bickley v. Caremark RX, Inc.,* 461 F.3d 1325, 1329 n.7 (11th Cir. 2006).  The Court can, and should, consider the Terms and Conditions as well as the End-User License Agreement ("EULA") in ruling on the Motion, as they fall squarely within the widely recognized exception allowing a court to consider documents central to a plaintiff's claims that a plaintiff has chosen to withhold from scrutiny in an attempt to survive a motion to dismiss. *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357 at 729 n. 1 (2d ed. 1990 & Supp. 2009) (stating "when plaintiff fails to introduce a pertinent document as part of his pleading, defendant may introduce the exhibit as part of his motion attacking the pleading").

Here, Plaintiff claims he and other putative class members were induced into buying Defendant's software and deceived by Defendant's products. *See* Compl.  Plaintiff's class action claims will ultimately rise or fall on his ability to prove the substance and contours of his

agreement with IS3 to purchase its products. This Court and the Eleventh Circuit have repeatedly applied this exception to cases where a contract between the parties is central to the plaintiffs' claims. *See e.g., G&G TIC, LCC v. Ala. Controls, Inc.,* 324 Fed.Appx. 7195 (11th Cir. 2009); *Racca v. Celebrity Cruises, Inc.,* 606 F.Supp.2d 1373 (S.D.Fla. 2009).

## FACTUAL BACKGROUND

A.  **Plaintiff's Purchase and Use of STOPzilla**

Plaintiff purchased STOPzilla AntiVirus on or about March 16, 2014. Plaintiff's purchase is governed by the EULA and Terms and Conditions. *See,* EULA attached as **Exhibit "A"** and Terms and Conditions attached as **Exhibit "B."** Pursuant to the EULA, Plaintiff understood, acknowledged, and agreed that "[b]y installing, copying, downloading, accessing or otherwise using the SOFTWARE PRODUCT, [he] agree[d] to be bound by the terms of this EULA." *See,* EULA attached as **Exhibit "A."** Pursuant to the Terms & Conditions,

> IMPORTANT — READ CAREFULLY: These Terms and Conditions for iS3 Products and Services ("Agreement") is a legal agreement between you (either an individual or an entity) and International Software Systems, Inc. (iS3) and its suppliers and licensors for the iS3 products ("Products") and services ("Services"). You may only receive the Services or Products if; 1) You are a customer who purchased a Product license 2) A support services customer or, 3) If you are in the Product trial period. By clicking on the "BUY NOW->>" button or the "DOWNLOAD TRIAL->>" button on the Product purchase page, you agree to be bound by the terms of this Agreement. IF YOU DO NOT AGREE TO THE TERMS OF THIS AGREEMENT, DO NOT CLICK ON THE "BUY NOW->>" or "DOWNLOAD TRIAL->>" BUTTON AND DO NOT PURCHASE THE PRODUCT. YOU AGREE THAT YOUR USE OF THE PRODUCT ACKNOWLEDGES THAT YOU HAVE READ THIS AGREEMENT, UNDERSTAND IT, AND AGREE TO BE BOUND BY ITS TERMS AND CONDITIONS. YOUR USE OF THE iS3 SOFTWARE WILL BE GOVERNED BY THE iS3 END USER LICENSE AGREEMENT ("EULA") ACCOMPANYING THE SOFTWARE, AN ELECTRONIC COPY OF WHICH WILL BE INSTALLED IN THE APPROPRIATE iS3 PRODUCT FOLDER ON YOUR COMPUTER UPON INSTALLATION OF THE SOFTWARE. BY CLICKING ON THE "ACCEPT" BUTTON DURING THE INSTALLATION PROCESS, OR OTHERWISE USING OR ACCEPTING THE PRODUCTS, YOU AGREE TO BE BOUND BY THE TERMS OF THIS EULA.

9:14-cv-80693-WJZ

*See*, Terms & Conditions attached hereto as **Exhibit "B."**

B.      **The Warranties and Terms & Conditions of Sale**

The Disclaimer of Warranty & Limit of Liability provides, in pertinent part:

The services are provided as-is without warranty of any kind. To the maximum extent permitted by applicable law, iS3 further disclaims all warranties, including without limitation any implied warranties of merchantability, fitness for a particular purpose, and noninfringment. The entire risk arising out of the use of the services or content remains with you. To the maximum extent permitted by applicable law, in no event shall iS3 of its suppliers be liable for any consequential, incidental, indirect, special, punitive, or other damages whatsoever (including, without limitation, damages for loss of business profits, business interruption, computer failure, loss of business information, or other pecuniary loss) arising out of this agreement or the use of or inability to use the services, or the content even if isss has been advised of the possibility of such damages. Your sole and exclusive remedy for any dispute with ISSS related to this agreement or the services shall be cancellation of the iS3 services.

*See,* Terms and Conditions attached as **Exhibit "B."**.

Further, the EULA includes a "No Other Warranties" provision as well as a "Limitation of Liability" provision, which provide for the following, in pertinent part:

No Other Warranties:

To the maximum extent permitted by applicable law, iS3 and its suppliers disclaim all other warranties and conditions, either express or implied, including, but not limited to, implied warranties or conditions of merchantability, fitness for a particular purpose, title and noninfringment, with regard to the software product, and the provision of or failure to provide support services.

Limitation of Liability:

To the maximum extent permitted by applicable law, in no event shall iS3 or its suppliers be liable for any special, incidental, indirect, or consequential damages whatsoever (including, without limitation, damages for loss of business profits, business interruption, loss of business information, or any other pecuniary loss) arising out of the use or inability to use the software product or the failure to provide support services, even if iS3 has been advised of the possibility of such damages.

*See* EULA attached as **Exhibit "A."**

## ARGUMENT AND MEMORANDUM OF LAW

A.   **Plaintiff's Claim for Fraudulent Inducement Fails**

Plaintiff's claim for fraudulent inducement should be dismissed because the alleged misrepresentations are precluded by the EULA and Terms & Conditions.

1.   **Plaintiff Could Not Have Reasonably Relied on Any Alleged Advertisements**

Plaintiff cannot state a claim for fraudulent inducement[2], where the subject of the alleged misrepresentation is dealt with in the parties' agreement. *See Federal Deposit Ins. Corp. v. High Tech Medical Systems, Inc.,* 574 So.2d 1121 (Fla. 4th DCA 1991) (determining that there can be no claim for fraud because alleged reliance on misrepresentations, in light of disclaimer, was not justifiable); *Hazara Enters., Inc. v. Motiva Enters., LLC,* 126 F. Supp.2d 1365 (S.D.Fla. 2000) (finding that negligent misrepresentation claim was legally insufficient because it was unreasonable to rely upon oral statements not in the subsequent written agreement).  Courts have consistently held that it is <u>unreasonable as a matter of law for a plaintiff to rely on allegedly misleading written or oral representations in the face of contractual terms expressly disclaiming or contradicting those representations</u>. *Eclipse Medical, Inc. v. American Hydro-Surgical Instruments, Inc.,* 262 F. Supp. 2d 1334, 1342 (S.D. Fla. 1999); *see also, Smith v. Mellon Bank,* 957 F.2d 856, 858 (11th Cir. 1992) (claim under Fla. Stat. § 817.41 failed where alleged reliance on written advertisement was unreasonable as a matter of law); *Weaver v. Opera Tower, LLC,*

---

[2] Plaintiff's claim requires the Plaintiff's reasonable reliable on the allegedly deceptive acts or misleading advertisements. *Smith v. Mellon Bank,* 957 F.2d 856, 858 (11th Cir. 1992) (affirming directed verdict for defendant on grounds that it was unreasonable for plaintiff to rely on terms of advertisement under given circumstances and noting that "Florida law requires the plaintiff to prove reliance on the alleged misleading advertising, as well as each of the other elements of the common law tort of fraud in the inducement.  The law is clear that reliance by a party claiming fraud must be reasonable and justified under the circumstances"); *Rollins v. Butland,* 951 So.2d 860, 877 (Fla. 2d DCA 2006) ("Misleading advertising is a particularized form of fraud.  In order to establish their claim for misleading advertising, the Appellees will be required to prove each of the elements of common law fraud in the inducement, including reliance and detriment"); *FDIC v. High Tech Medical Systems, Inc.,* 574 So. 2d 1121 (Fla. 4th DCA 1991) (granting summary judgment on claims for fraud and negligent misrepresentation because the undisputed evidence established the absence of justifiable reliance); *In re Lichtman,* 388 B.R. 396, 410 (M.D. Fla. 2008) (noting that "[t]he reliance upon the debtor's false representation must be justified").

2008 WL 4145520 (S.D.Fla. 2008) (dismissing false advertising claim under Fla. Stat. §718.506 where contract expressly contradicted alleged misrepresentations in sales brochure, and noting no "meaningful distinction between prior *oral* and *written* representations for purposes of the instant analysis").

Since the EULA and Terms & Conditions between Plaintiff and IS3 make clear precisely the terms and conditions of the sale, Plaintiff's alleged reliance on representations is unreasonable as a matter of law and his claims should be dismissed.  In particular, the EULA and Terms & Conditions contains terms which specifically state that the only terms which are made a part of the parties' agreement are those contained in the EULA and/or Terms & Conditions. *See* **Exhibits "A" and "B."**  Further illustrating the absurdity of Plaintiff's fraudulent inducement allegations, the EULA and Terms & Conditions specifically disclaimed any express or implied warranties.

The Plaintiff and other alleged putative class members could not have reasonably relied on anything appearing on IS3's website, advertisements, or anything else as alleged in the Complaint.  As a result, Count I should be dismissed with prejudice.

**B.      Plaintiff's Breach of Contract Claim Must be Dismissed**

Count II of the Complaint fails to state a claim upon which relief may be granted because it does not allege the existence of a valid, identifiable contract.  Although the Complaint claims that Plaintiff and alleged members of the putative class entered into agreements with iS3 whereby iS3 agreed to sell, and Plaintiff and alleged members of the putative class agreed to purchase STOPzilla, and as a result, iS3 voluntarily assumed a contractual obligation, *see Complt.* ¶¶ 66 & 71, Plaintiff neither attached any contract with IS3 to the Complaint, nor does he identify any contract which actually obligates IS3 to the terms which are alleged to have been

breached.³  Had these seemingly technical points been mere oversights or carelessness, one might allow Plaintiff to re-plead these seemingly minor omissions.  In this case, however, there are no obligations for a guaranteed result which has been assumed by IS3.  As a result, dismissal of the Plaintiff's breach of contract claims with prejudice is warranted.

Indeed, the contract between the parties actually belies Plaintiff's claim that it contracted with IS3 for specific results.  To be sure, pursuant to the Terms & Conditions "iS3 further disclaims all warranties, including without limitation any implied warranties of merchantability, fitness for a particular purpose, and noninfringment.  **The entire risk arising out of the use of the services or content remains with you."** *See, Terms & Conditions* (emphasis added).  According to the EULA, "[t]o the maximum extent permitted by applicable law, Is3 and its suppliers disclaim all other warranties and conditions, either express or implied, including, but not limited to, implied warranties or conditions of merchantability, fitness for a particular purpose, title and noninfringment, with regard to the software product, and the provision of or failure to provide support services. *See,* EULA

Additionally, and contrary to Plaintiff's allegations, nothing in the contract creates an affirmative obligation on IS3 other than the obligations within the EULA and Terms & Conditions.  Simply put, there is no <u>agreed</u> contractual obligation that will support a breach claim in this case.  To be sure, Plaintiff's breach of contract claim does not allege Defendant's failure to perform any provision of the EULA and/or Terms & Conditions.  Because Plaintiff does not allege Defendant's failure to perform the express promises or obligations contained in

---

³ Were there a written contract, Plaintiffs pleading is dismissible where it fails to recite or attach that contract. *See* 735 ILCS 5/2-606 (West 2006) (providing that "[i]f a claim or defense is founded upon a written instrument, a copy thereof, or of so much of the same as is relevant, must be attached to the pleading as an exhibit").  As Judge Altonaga of this Court held when she dismissed in *Afkhami v. Carnival Corp.*, 305 F.Supp.2d 1308, 1327 (S.D.Fla.2004): "The alleged "contractual agreements" are not attached to or incorporated into the Second Amended Complaint. No inferences may be made regarding the terms and conditions of any contract that is not attached to or incorporated into the complaint… Where there is no written contract, dismissal is mandated…"

9:14-cv-80693-WJZ

the EULA and/or Terms & Conditions, the complaint fails to state a claim upon which relief can be granted. *Hodges v. Hodges,* 193 F. Supp.2d 1279 (M.D.Fla. 2002) (dismissing contract claim where plaintiff failed to allege sufficient facts demonstrating a breach); *Global Freight Warehouse, Inc. v. ACE Hardware Corp.,* 1997 U.S. Dist. LEXIS 15768 (S.D. Fla. 1997) (dismissing contract claim in light of express terms of contract).

"[T]o create a contract and trigger contractual obligations, the parties must have a definite and distinct understanding, without which there is no assent and no contract." *Glosser v. Vasquez,* 898 So.2d 1179, 1181 (Fla. 3d DCA 2005). While Rule 8 requires only a "short and plain statement" of the pleader's claim, there are limits there, as well. To satisfy Rule 8, "[A] complaint must simply give the defendant <u>fair notice</u> of what the plaintiff's claim is and the <u>grounds</u> upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (emphasis supplied). Plaintiff's complaint does nether and is therefore, subject to dismissal.

**C.   Count III Of The Complaint Is An Equitable Remedy, And Must Be Dismissed Because There Is An Adequate Legal Remedy.**

In Count III of the Complaint, Plaintiff asserts a claim for Unjust Enrichment. *See, Complt.* In the alternative, Plaintiff seems to allege a breach of an implied-in-fact contract. *Id.* However, Count III is equitable in nature, and therefore, not available to Plaintiff, as an adequate legal remedy exists, namely, Breach of Contract[4], albeit limited based upon the specific language within the EULA and terms and conditions of the sale, including but not limited to, IS3's obligations and liabilities pursuant to same. Under Florida law, the general rule is that if the complaint on its face shows that adequate legal remedies exist, equitable remedies are not available. *See, Williams v. Bear Stearns & Co.,* 725 So. 2d 397 (Fla. 5th DCA 1998) *citing, H.L. McNorton v. Penn American Bank of Orlando,* 387 So. 2d 393, 399 (Fla. 5th DCA 1980).

---

[4] Plaintiff has failed to allege Defendant's failure to perform the express promises or obligations contained in the EULA and/or Terms & Conditions. Therefore, the Complaint fails to state a claim upon which relief can be granted

9:14-cv-80693-WJZ

It is well-settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy. *See, American Honda Motor Co., Inc. v. Motorcycle Information Network, Inc.,* 390 F. Supp. 2d 1170, 1178 (M.D. Fla.2005); *See, Webster v. Royal Caribbean Cruises, Ltd.,* 124 F. Supp. 2d 1317, 1326 (S.D. Fla. 2000) ("[T]he theory of unjust enrichment is equitable in nature and is, therefore, not available where there is an adequate legal remedy"); *Nautica International, Inc. v. Intermarine USA, L.P.,* 5 F. Supp. 2d 1333, 1341-42 (S.D. Fla. 1998); *Martine v. Weyerbaeuser Mortgaee Co.,* 959 F. Supp 1511, 1518 (S.D. Fla. 1996) ("The Court agrees that in Florida, unjust enrichment is an equitable remedy and is not available where an adequate legal remedy exists.").

Because an implied in law contract is an action in equity, it is not available if there is an adequate remedy at law. *See Martinez v. Weyerhaeuser Mortg. Co.*, 959 F. Supp. 1511, 1518 (S.D. Fla. 1996) ("The Court agrees that in Florida, unjust enrichment is an equitable remedy and is not available where an adequate legal remedy exists."); *Gary v. D. Agustini & Asociados, S.A.*, 865 F. Supp. 818, 827 (S.D. Fla. 1994) (same).

In the instant case, despite having an adequate legal remedy, Plaintiff has improperly chosen to assert claims for equitable remedies. Plaintiff's claims for Unjust Enrichment, and in the alternative, Breach of Implied-in-Fact Contract, are equitable and must be dismissed as Plaintiff has an adequate legal remedy. Furthermore, Plaintiff has failed to allege that no adequate legal remedy is available. Plaintiff's failure is evidence of the fact that an adequate legal remedy does exist, which precludes Plaintiff from asserting the equitable claims in Count III of the Complaint.

Count III of the Complaint must be dismissed.

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

      **i.**    **Count III Of The Complaint Is An Equitable Remedy, And Must Be Dismissed Because Plaintiff Has Failed To Allege An Inadequate Remedy At Law.**

Nowhere in the Complaint has Plaintiff asserted that there is no adequate remedy available at law. As such, Count III of Plaintiff's Complaint must be dismissed.

In order to state a claim for an implied in law contract, the party **must** allege that there is no adequate remedy available at law. *Martinez*, 959 F. Supp. at 1518 ("To state a claim for unjust enrichment, plaintiffs must make this allegation clear in the complaint."). The failure to do so will result in dismissal. *Id.* ("Because Plaintiffs fail to allege that an adequate remedy at law does not exist, and the Court is not convinced that this is clear from the face of the Amended Complaint, Count III fails to state a claim for unjust enrichment and will be dismissed from the Amended Complaint."); *Nautica International, Inc. v. Intermarine USA, L.P.,* 5 F. Supp. 2d 1333, 1342 (S.D. Fla. 1998) (dismissing unjust enrichment claim for failure to allege inadequate remedy at law). Because the Plaintiff failed to allege that no adequate legal remedy exists, her claim for unjust enrichment must be dismissed. *See, e.g., Precious Interior Designs, Inc. v. Astacio,* 2007 WL 3228119, at *2 (S.D. Fla. 2007) (granting defendant's motion to dismiss plaintiff's unjust enrichment claim, noting that "[i]t is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy" and that "to properly state a claim for unjust enrichment, a party must allege that no adequate legal remedy exists").

Plaintiff has not pled, anywhere, in the Complaint, that an adequate legal remedy is not available. Even a cursory review of the Complaint evidences same. Plaintiff's failure is reason enough to dismiss Count III.

Count III of the Complaint must be dismissed.

## **MOTION TO STRIKE**

D.  **Plaintiff's Demand for Incidental and Consequential Damages Should be Stricken Per the Express Language of the Warranty**

Under Federal Rule of Civil Procedure 12(f), the Court "may order stricken from any pleading ... any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A pleading may only be stricken if it is insufficient as a matter of law. *See Microsoft Corp. v. Jesse's Computers & Repair*, 211 F.R.D. 681, 683 (M.D. Fla. 2002). Conclusory and generalized statements that cannot survive a motion to dismiss are insufficient as a matter of law. *See Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984).

Florida courts allow "contracts to limit damages recoverable for breach of warranty and breach of contracts." *Burroughs Corp.*, 492 F. Supp. at 827 (holding that "compensatory damages can be no more than those set out in the agreements."). In the instant action, the Limitation of Liability and No Other Warranties provisions within the EULA state, in pertinent part:

> To the maximum extent permitted by applicable law, iS3 and its suppliers disclaim all other warranties and conditions, either express of implied, including, but not limited to, implied warranties or conditions of merchantability, fitness for a particular purpose, title and noninfringment, with regard to the software product, and the provision of or failure to provide support services. This limited warranty gives you specific legal rights.

> To the maximum extent permitted by applicable law, in no event shall iS3 or its suppliers be liable for any special, incidental, indirect, or consequential damages whatsoever (including, without limitation, damages for loss of business profits, business interruption, loss of business information, or any other pecuniary loss) arising out of the use of or inability to use the software product or the failure to provide support services, even if iS3 has been advised of the possibility of such damages. In any case, iS3's entire liability under any provision of this EULA shall be limited to the greater of the amount actually paid by you for the software product or U.S. $5.00.

*See* EULA.  Accordingly, Defendant respectfully requests this Court strike Plaintiff's requests for damages and injunctive relief in the Prayer for Relief.

WHEREFORE, the Defendant, IS3, INC., respectfully requests this Honorable Court enter an Order (1) dismissing the Plaintiff's Complaint, or, in the alternative, certain portions thereof, and (2) striking Plaintiff's Demand for Incidental and Consequential Damages, and for such further relief as this Court deems just.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this **2nd** day of **July 2014**, we electronically filed the foregoing document with the Clerk of Court using EM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        COLE, SCOTT & KISSANE, P.A.
        Attorneys for Defendants
        1645 Palm Beach Lakes Blvd., 2nd Floor
        West Palm Beach, Florida 33401
        rachel.beige@csklegal.com
        Telephone: (561) 383-9203
        Facsimile: (561) 683-8977


By:   *s/ Noah E. Storch*
      JONATHAN VINE
      FBN: 010966
      RACHEL K. BEIGE
      FBN: 0016366
      NOAH E. STORCH
      FBN: 0085476

9:14-cv-80693-WJZ

**SERVICE LIST**
Scott D. Owens, Esq.
Law Office of Scott D. Owens, Esq.
664 East Hallandale Beach Boulevard
Hallandale, Florida 33009

Benjamin H. Richman, Esq.*
Courtney C. Booth, Esq.*
Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
\**Pro Hac Vice* admission to be sought
<u>***via CM/ECF***</u>