UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
9:14-cv-80693-WJZ

WENDELL SMITH, individually, and on
behalf of all others similarly situated,

      Plaintiff,

vs.

IS3, INC., a Florida Corporation,

      Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
CLASS CERTIFICATION AND MOTION TO STAY AND/OR DEFER RULING
PENDING THE OUTCOME OF DEFENDANT'S MOTION TO DISMISS**

COMES NOW Defendant, IS3, INC. (hereinafter "Defendant" or "IS3"), by and through

the undersigned counsel, and hereby files its Response in Opposition to Plaintiff's Motion for

Class Certification, and Motion to Stay and/or Defer Ruling Pending the Outcome of

Defendant's Motion to Dismiss, and would state as follows:

**INTRODUCTION**

Plaintiff's Motion for Class Certification, filed on the day after Plaintiff filed his Class

Action Complaint against IS3, prior to effectuating service of process on IS3 and before any

discovery has taken place, asks this Court to certify a class based on nothing more than the

conclusory allegations in Plaintiff's procedurally and substantively deficient Class Action

Complaint.[1] [DE 1].  Courts have repeatedly rejected such premature class certification requests,

especially where, as here, preliminary questions could dispose of the case or the existing

evidentiary record is inadequate.  Defendant has not yet had an opportunity to depose Plaintiff,

_____

[1] Contemporaneous with the instant Response in Opposition, Defendant is filing a Motion to Dismiss Plaintiff's
Class Action Complaint.

let alone conduct any class-related discovery.  The parties have yet to appear before the Court to brief or argue a single motion, and the Court has yet to issue a case management order setting forth a discovery or briefing schedule.  Perhaps most importantly, the Plaintiff has not met its burden of stating a viable claim against this Defendant, let alone set forth facts to demonstrate that it has met its burden of satisfying each prerequisite of Federal Rule of Civil Procedure 23. Accordingly, Defendant requests this Court deny Plaintiff's Motion for Class Certification as premature, and defer any decision on certification until ruling on Defendant's Motion to Dismiss, a discovery and briefing schedule has been set by the Court, and/or until the parties have adequately discovered and litigated the issues presented herein.

## LEGAL MEMORANDUM

A.      **Assuming Plaintiff's Motion for Class Certification is Not Premature[2], this Court Should Deny the Same because Plaintiff Has Failed to Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Since Plaintiff has no evidence on which to base its Motion to Certify Class, it comes as no surprise that it cannot meet its burden of proof under Rule 23.  It is well settled that the Plaintiff seeking class certification bears the burden of showing that the requirements of Rule 23 are satisfied. *Amchem Prods, Inc. v. Windsor,* 521 U.S. 591 (1997); *Murray v. Auslander,* 244 F.3d 807 (11th Cir. 2001).  Class actions are "the exception to the usual rule" that cases are conducted by and on behalf of only the individual named parties. *Gen'l Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, 161 (1982) (internal quotation omitted).  Class certification may not occur unless this Court is satisfied that Plaintiff has met the requirements of Rule 23. *Gilcrist v. Bolger,* 733 F.2d 1551 (11th Cir. 1984). "If the court is not satisfied, then certification is unconscionable, regardless of whether the non-movant opposed the motion." *Id* at 1556.

---

[2] *See* Section D below.

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

In this case, Plaintiff must show that the elements of numerosity, commonality, typicality and adequacy of representation are met and that the putative class falls within one of three categories set forth in Rule 23(b). *Jackson v. Motel 6 Multipurpose, Inc.,* 130 F.3d 999 (11th Cir. 1997).  A plaintiff seeking to use this exceptional procedure has the strict burden of pleading and proving each and every element required. *Falcon,* 457 U.S. at 160-161.  "[A]ctual, not presumed, conformance with Rule 23(a) remains... indispensable," and therefore this Court must undertake a rigorous analysis to determine whether the required elements have been met. *Id.*  It is not enough that a plaintiff generally alleges that there are other persons similarly situated that would comprise a class of plaintiffs; he must prove that other claimants such as himself exist. *No. Am. Biologicals Inc. v. Ill. Employers Ins., of Wausau,* 931 F.2d 839 (11th Cir. 1991).

In this case, Plaintiff merely recites the standards for class certification under the Florida Rule and summarily concludes that his claims satisfy those requirements.  That is an insufficient basis for granting class certification.  Simply put, the Plaintiff cannot withstand the rigorous analysis ensuring all of the prerequisites for certification. *Anderson v. Bank of the South, N.A.,* 118 F.R.D. 136 (M.D.Fla. 1987).  Thus, if the Court decides to consider Plaintiff's Motion for Class Certification at this juncture, it should be denied.

### 1.      Numerosity is Non-Existent

Numerosity requires the class be so numerous that joinder of all members is impracticable. *See*, Fed. R. Civ. P. 23 (a)(1).  In support of numerosity, Plaintiff alleges "that Defendant has sold its software to thousands of individuals throughout the country" and that discovery will show same [D.E. 5].  Of significance, this is the only allegation Plaintiff sets forth in his attempt to satisfy the requirement of numerosity.  This allegation, alone, however, is insufficient to certify a class. *See e.g., Waller v. Int'l Harvester Co.,* 98 F.R.D. 560 (D.C.Ill.

1983) (holding numerosity requirement not met where plaintiff offered only arbitrary estimate of 15 members).

Plaintiff cannot simply rely on an assumption of a figure, namely, "thousands of individuals throughout the country." And ask the Court to infer that a minimum number of people fit the class. Plaintiff cannot merely rely on unsubstantiated allegations to offer proof as to the number of members of the class. *Montgomery v. New Piper Aircraft, Inc.,* 209 F.R.D. 221 (S.D.Fla. 2002). While Plaintiff is not required to prove the exact number of class members, "mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)." *Access Now, Inc. v. Walt Disney World Co.,* 211 F.R.D. 452, 453 (M.D.Fla. 2001). Defendant would submit Plaintiff is the only person with his unique circumstance since he is the only purchaser that believed a guaranteed and specific result notwithstanding clear language in the pertinent sales contracts, namely, the EULA and Terms & Conditions.

Simply put, Plaintiff has not established numerosity. Plaintiff's proposed class is ill-defined, not tied to any violations of law and, in many cases, seek compensation for actions where no damages would have been incurred by the proposed class member Plaintiff seeks to represent. Accordingly, the allegations are purely speculative, and even a less than a rigorous analysis of Plaintiff's proof of numerosity should result in an order denying class certification.

### 2.    Plaintiff's Claims are Neither Common, nor Typical

"[T]he commonality and typicality requirements of Rule 23(a) overlap. Both requirements focus on whether a sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Prado-Steinman v. Bush,* 221 F.3d 1266, 1278-79 (11th Cir. 2000). Commonality refers to the class characteristics as a whole and typicality concerns the individual characteristics of the class

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

members in relation to the class. *Perez v. Metabolife Intern., Inc.,* 218 F.R.D. 262 (S.D.Fla. 2003). In this case, it is questionable whether Plaintiff's claims are typical of all the persons of as defined by the class, and would instead require primarily individualized inquiry which overwhelm any commonality.

Plaintiff has not satisfied the typicality and commonality requirements. Although a nexus may initially appear to exist between Plaintiff's claims and those of the putative class members, closer analysis reveals that highly specific determinations are required to resolve these claims. Among other things, mini-trials would be required to determine the actual misrepresentations alleged, reliance, liability, causation, and damages. Since neither typicality, nor commonality is present, Plaintiff's Motion for Class Certification should be denied.

Initially, an individualized inquiry would be required to determine if each member saw the alleged marketing and/or misrepresentation. *Cohen v. Implant Innovations, Inc.*, 2008 U.S. Dist. LEXIS 64144 (S.D.Fla. 2008) (noting putative class members must have actually received misrepresentation to recover); *see also, Inter-Tel, Inc. v. W. Coast Aircraft, Eng'g, Inc.*, 2006 U.S. Dist. LEXIS 83451 (M.D.Fla. 2006) (observing that for purposes of determining deceptiveness, the issue is "whether the practice was likely to deceive a consumer acting reasonably in the same circumstances"). A mini-trial as to the identity of and standing for each class member would be required. *O'Neill v. Home Depot U.S.A., Inc.* 243 F.R.D. 469, 481 (S.D. Fla. 2006) (explaining "[i]ndividual fact-finding would also be required to determine whether any particular class member received an alleged misrepresentation from Home Depot and suffered any damage."); *see also, Gibbs Props. Corp v. Cigna Corp.,* 196 F.R.D. 430 (M.D. Fla. 2000) (finding class definition too broad where class members were unidentifiable without individualized inquiries). Here, there will be mini-trials for each putative class member as to

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

which advertisements, and/or page(s) of the website were allegedly viewed which is inappropriate for class certification.

Under similar challenge, the Court in *Montgomery* denied class certification because individualized inquiries were necessary to explore whether each particular member received one of the alleged misrepresentations and whether each particular member then suffered any resulting damages. 209 F.R.D. at 229-31. This need for individual inquiries in turn prevented plaintiffs from satisfying the predominance requirement of Rule 23(b)(3) and resulted in denial of class certification. *Id* at 230. A similar result is mandated here to avoid such mini-trials.

As courts have made clear, the commonality requirements are in no way relaxed for plaintiffs who allege a "common scheme" or "course of conduct." *Philip Morris,* 2003 WL 23094834; *Bouchard Transp. Co. v. Updegraff,* 807 So. 2d 768, 771 (Fla. 2d DCA 2002). In *Humana, Inc. v. Castillo,* 728 So. 2d 261 (Fla. 2d DCA 1999), the Court denied class certification, holding that plaintiffs were required to prove individual issues of causation, notwithstanding the "common scheme" allegation. *Id* at 265 (explaining "[i]f a plaintiff claims to be misled, but cannot demonstrate a causal connection between the defendant's conduct and the plaintiff's misapprehension, the plaintiff cannot recover").

As this Court held in *Pop's Pancakes*:

>...the question of what is reasonable, particularly in light of the consumers being business entities, is predicated in large part, on what was understood by the customers when they read the property tax invoice... Thus, it is not the Plaintiffs' reliance that is at issue, but whether it was reasonable under the circumstances, which vary for each Plaintiff, for each Plaintiff to not know that the property tax included an administrative processing fee.

251 F.R.D. at 686. In other words, to adjudicate each members' claim, the court will need to conduct a series of mini-trials relating to what each member heard, read, was told, or otherwise knew. Such claims, which turn on individual disclosure and knowledge, are not appropriate for

certification. *Jacobs v. Osmose, Inc.,* 213 F.R.D. 607, 616 (S.D.Fla. 2003) (emphasizing, "[k]knowledge is highly individualized and cannot be determined on a classwide basis").

With regard to damages, Plaintiff's claim is that the alleged promise of a guaranteed result is deceptive, a misrepresentation, and induced Plaintiff resulting in alleged damages. However, no damages have been shown; no loss has been shown.

Finally, to the extent prices for purchase of STOPzilla varied depending on discounts and/or promotions, class members who purchased STOPzilla likely paid different amounts than the Plaintiff.  Furthermore, to the extent that the alleged misrepresentation, as claimed by Plaintiff, has changed over time and/or was not present for a specific time period, individual analysis, obtained through mini-trials, would be required.  As such, it must be determined for each consumer the difference in the value paid and the value received.  Value imparted is a subjective, individualized analysis, obtained through mini-trials, complicated by the different prices charged.

Furthermore, upon information and belief, Plaintiff did not purchase STOPzilla directly from IS3.  Instead, Plaintiff's purchase was made through an affiliate and/or a partner of an affiliate.  Same is further proof that individual analysis, obtained through mini-trials, would be required, and that Plaintiff is unable to have the same interests as the class.

Additionally, for the reasons described herein, Plaintiff does not, and cannot have the same interests as other members of the Class.

Simply, Plaintiff has failed to satisfy the commonality and typicality requirements.

### 3.     Injunctive Relief Does Not "Predominate" Over Monetary Relief

In order to certify a class under Rule 23(b)(2), the evidence of record must establish that IS3 "has acted or refused to act on grounds that applied generally to the class" and that "final

injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  Rule 23(b)(2) makes no mention of monetary relief, and the official commentary to Rule 23 makes it clear that subsection (b)(2) does not apply "to cases in which the appropriate final relief relates exclusively or predominantly to money damages."

When determining whether monetary relief "predominates" so as to preclude the certification of a Rule 23(b)(2) class, this Circuit has adopted the "incidental damages" test.

> By incidental, we mean damages that flow directly from liability to the class *as a whole* on the claims forming the basis for the injunctive or declaratory relief... Liability for incidental damages should not... entail complex individual determinations. Thus, incidental damages will, by definition, be more in the nature of a group remedy, consistent with the forms of relief intended for (b)(2) class actions.

*Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998); *Murray v. Auslander*, 244 F.3d 807 (11th Cir. 2001).  Under this standard, monetary damages clearly predominate.

Indeed, evidence of the predominance of the monetary damage is found in Plaintiff's own filing.  The Class Action Complaint and Motion for Class Certification repeatedly state that Plaintiff and other putative class members have been damaged in the amount of the purchase price, or at least a portion thereof [D.E. 1] or the difference between what was paid for the software and what it is actually worth. [D.E. 5].  Further, Plaintiff seeks damages as well as restitution as well as the disgorgement. [D.E. 1].  The request for declaratory and injunctive relief is an afterthought.  Also, the injunction sought by Plaintiff is itself largely related to the calculation and refund of the alleged purchase price. *Id.*[3]

---

[3] Although it is not binding on this Court, tests adopted by other circuits for determining when monetary relief predominates over injunctive relief are particularly instructive in the context of this case.  For example, under the more lenient "ad hoc" approach adopted by the Second Circuit, this action would not qualify for (b)(2) certification because no reasonable plaintiff would bring this suit to recover only injunctive or declaratory relief. *Robinson v. Metro N. Commuter R.R. Co.*, 267 F.3d 147, 166-67 (2d Cir. 2001).

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Additionally, most class members will not benefit from the requested injunction. "Of course, certification under rule 23(b)(2) is appropriate only if members of the proposed class would benefit from the injunctive relief they request.  The question of whether the proposed class members are properly seeking such relief is antecedent to the question whether that relief would predominate over money damages." *In re Monumental Life Ins. Co.*, 365 F.3d 408 (5th Cir. 2004).  The Eleventh Circuit has also found this to be a relevant inquiry. *Cooper*, 390 F.3d at 721.  In this case, the vast majority of the members of the proposed class are unlikely to benefit from an injunction because, in all likelihood, they will never again purchase the same software. For that majority of the class, money damages are the only recovery of any significance, again demonstrating that the monetary damages predominate.

This is not a case where statutory damages flow immediately from a finding of liability. Rather, the members of the proposed class must prove proximately caused actual damages and that proof can only be made on an individual basis and after a lengthy review of Defendant's records.  In *Heffner v. Blue Cross & Blue Shield of Alabama, Inc.*, 443 F.3d 1330 (11th Cir. 2006), the Eleventh Circuit noted while the disgorgement of profits to the class might not preclude certification under Rule 23(b)(2), "it likely would be a close call."  At best, this "close call" becomes an easy question when coupled with the other factors discussed above.

### 4.     Common Questions of Law and Fact Do Not Predominate; a Class Action is Not Superior

Class certification must be denied under Rule 23(b)(3) where common questions of law or fact fail to predominate over any questions affecting only individual members. *See* Fed.R. Civ.P. 23(b)(3); *Hammett*, 203 F.R.D. at 698-99 (denying Rule 23(b)(3) certification where individual issues of liability and damages predominated); *Cardiovascular Care of Sarasota, P.A. v. Cardinal Health, Inc.*, 2009 WL 928321 (M.D.Fla. 2009) (finding that although the common

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

course of conduct satisfied the commonality under Rule 23(a)(2), it did not satisfy the "more rigorous" Rule 23(b)(3)).  The Eleventh Circuit tests for predominance as follows:

> Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3)... [I]f common issues truly predominate over individualized issues in a lawsuit, then the addition or subtraction of any of the plaintiffs to or from the class [should not] have a substantial effect on the substance or quantity of evidence offered. Put simply, if the addition of more plaintiffs to a class requires the presentation of significant amounts of new evidence, that strongly suggests that individual issues (made relevant only through the inclusion of these new class members) are important. If, on the other hand, the addition of more plaintiffs leaves the quantum of evidence introduced by the plaintiffs as a whole relatively undisturbed, then common issues are likely to predominate.

*Vega*, 564 F.3d at 1270; *Marino v. Home Trust U.S.A., Inc.*, 245 F.R.D. 729, 734 (S.D.Fla. 2007).

Additionally, certification must be denied where Plaintiff fails to demonstrate that a class action is a superior method of adjudication. *See,* Fed.R. Civ.P. 23(b)(3).  A class action is not a superior method of adjudication if the class is difficult to manage. *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare*, 601 F.3d 1159 (11th Cir. 2010) (finding lack of superiority and reversing order certifying action for class treatment where "class treatment in this case runs the risk of being severely unmanageable"); *Cohen*, 259 F.R.D. at 644 (denying certification where class action would not be superior as individual factual issues made case "unmanageable").

Due to the highly individualized factual determinations at issue here, explained in more detail above, the amount of evidence necessary at trial will fluctuate greatly with the size of the class.

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

### 5.        The Proposed Class is Not Manageable

The Court also considers "the difficulties likely to be encountered in the management of a class action." *See*, Fed. R. Civ. P. 23(b)(3)(D).  Courts routinely require plaintiffs to submit detailed, proposed trial plans as a condition precedent for certification because judicial experience has shown "real-world difficulties" when classes are certified without such plans. *See In re Ford Motors Co.,* 174 F.R.D. 332, 341-42 (D.N.J. 1997) (denying certification for failure to "demonstrate a suitable and realistic plan for trial of the class claims"). Plaintiff's class certification motion provides only management problems, not solutions.

Although Plaintiff seeks to certify a class action, Plaintiff presents no management plan explaining how it will conduct the thousands of mini-trials to address each members' claims and how IS3's unique defenses can be presented to the jury in a meaningful manner. *Earnest v. Amoco Oil Co.,* 859 So. 2d 1255 (Fla. 1st DCA 2003) (requiring court to "envision" how trial will proceed).  Plaintiff's "certify now and worry later" approach to certification will inevitably lead to significant management problems, and will not allow for the "fair and efficient" adjudication of the controversy.

### B.        Class Certification is Not Necessary

Class certification is authorized only when "absolutely necessary." *Grillasca*, 2007 LEXIS 53357.  As part of his claim, the Plaintiff seeks injunctive and equitable relief. Therefore, even absent class certification, if the Plaintiff is successful in its suit, the injunctive and/or equitable relief he obtains will be applicable not only to itself, but to every other consumer.  In the context of a similar homeless suit, the court in *Dellantonio*, 2009 LEXIS 11289, reasoned that class action was unnecessary due to the fact that an injunction would prevent the City of Indianapolis from enforcing the policies not only against the plaintiffs but

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

rather as to everyone. Similar conclusions have been reached by other courts as well. See, *In re Allstate*, 403 F. 3d at 507 (class action designation largely a formality).

Furthermore, Plaintiff has not shown that class certification would serve a legitimate purpose. The injunctive and equitable relief sought against IS3 would make class action designation largely a formality since the relief sought, if warranted, would confer a benefit on all persons similarly situated without class designation. *Access Now*, 211 F.R.D. at 455 (complexity and expense of class action not necessary as plaintiffs may achieve by injunction all relief which would inure to similarly situated persons). Therefore, class certification should be denied.

### C.    This Court Should Deny or Defer Ruling on the Motion to Certify Class and Stay this Action Pending a Determination on Defendant's Motion to Dismiss

A Plaintiff's Complaint alleging class allegations "must provide the Defendant 'with fair notice of what the Plaintiff's claim is and the grounds upon which it rests.'" *Talley v. Leo J. Shapiro & Assoc., Inc.,* 713 F.Supp. 254, 257 (N.D.Ill. 1989) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Under Federal Rule of Civil Procedure 23(c), the court shall determine whether a suit is to be maintained as a class action "as soon as practicable after the commencement of the action." However, many federal courts have concluded that it is <u>not practicable</u> to consider class certification prior to determining a dispositive motion that could significantly streamline, or eliminate, the legal issues raised in the action.

The Eleventh Circuit has specifically commanded that, where a motion to dismiss is pending that could eliminate invalid claims (or an entire lawsuit) that would otherwise increase the cost of litigating the case, pretrial processes should not be allowed to proceed until the motion to dismiss is decided. *Chudasma v. Mazda Motor Corp.,* 123 F.3d 1353, 1368 (11th Cir. 1997). Indeed, the overwhelming weight of authority holds that class certification motions should not be considered under such circumstances. This Court (and others throughout the

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Eleventh Circuit) noted that in interest of judicial economy, "the vast majority of courts have held that dispositive motions may be considered prior to ruling on a motion for class certification." *Webster v. Royal Caribbean Cruises, Ltd.,* 124 F.Supp. 1317, 1320 (S.D.Fla. 2000)[4]; *see also, Smith v. Network Solutions, Inc.,* 135 F.Supp.2d 1159, 1165 (N.D.Ala. 2001) (holding that resolving a motion for summary judgment or a motion to dismiss prior to ruling on class certification is appropriate); *Mallo v. Public Health Trust of Dade County, Fla.,* 88 F.Supp.2d 1376, 1391 (S.D.Fla. 2000) (granting motion to stay response to class certification motion while motion to dismiss is pending).

In *Thornton v. Mercantile Stores Co., Inc.,* 13 F.Supp.2d 1282, 1289 (M.D.Ala. 1998), the United States District Court for the Middle District of Alabama described when it is appropriate to deny or defer consideration of class certification:

> Ruling on a dispositive motion prior to addressing class certification issues may be appropriate where there is sufficient doubt regarding the likelihood of success on the merits of a plaintiff's claims... where inefficiency would result... or where neither plaintiffs nor members of the putative class would be prejudiced.

(citations omitted).   In this case, as set forth more fully in IS3's Motion to Dismiss, there is considerable doubt concerning Plaintiff's claims because the actual contractual terms (which were not attached to the Class Action Complaint) expressly disclaim and contradict any alleged written and/or oral representations.   Additionally, neither Plaintiff nor members of the potential class will be prejudiced in any way by deferring consideration of class certification pending IS3's Motion to Dismiss.   As several courts have pointed out, the <u>only</u> party potentially harmed

---

[4] The practice is consistent with prevailing practice outside of this Circuit. *See e.g., Thompson v. County of Medina, Ohio,* 29 F.3d 238 (6th Cir. 1994) (finding no abuse where court decided motion for summary judgment prior to class certification); *Floyd v. Bowen,* 833 F.2d 529, 534 (5th Cir. 1987), *reh'g denied,* 838 F.2d 1214 (5th Cir. 1988) (stating "class action litigation may be halted by a Rule 12 motion to dismiss or by a Rule 56 motion for summary judgment."); *Christensen v. Kiewit-Murdock Inv. Corp.,* 815 F.2d 206 (2d Cir. 1986), *cert. denied,* 484 U.S. 908 (1987) (finding no abuse of discretion where court reserved decision on motion to certify pending the outcome of the defendants' motions to dismiss); *Wright v. Schock,* 742 F.2d 541, 543-44 (9th Cir. 1984) (finding no abuse its discretion by ruling on motion for summary judgment prior to ruling on plaintiffs' motion for class certification).

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD · 2ND FLOOR · WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 · (561) 683-8977 FAX

by deciding a motion to dismiss prior to class certification is the defendant – a dismissal of the complaint will bind only the putative class representative, not the putative class.  *See e.g., Wright,* 742 F.2d at 544 (explaining "[w]here the defendant assumes the risk that summary judgment in his favor will have only *stare decisis* effect on the members of the putative class, it is within the discretion of the district court to rule on the summary judgment motion first").  Lastly, by staying or deferring consideration of class certification issues, this Court will avoid wasting judicial resources and the resources of the parties.  At least some class discovery will be required, and, more significantly, class certification briefing is almost always complex, followed by the necessity of the Court's "rigorous analysis" of all class certification issues. *Falcon,* 457 U.S. at 161.  If, as Defendant contends, this case must be dismissed, all resources expended on class certification will have been wasted.

Of course, this Court has discretion under Local Rule 23.1 to "order postponement of the determination pending discovery or such other preliminary procedures as appear to be appropriate and necessary in the circumstances."  Additionally, "a trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987).  To stay and/or defer ruling of class certification is in the best interests of judicial economy because Defendant's Motion to Dismiss is potentially dispositive of all claims raised in the Class Action Complaint.  Thus, if the Class Action Complaint is dismissed, the issues of class certification will be moot; if the Motion to Dismiss is denied, Plaintiff will have an ample opportunity to move for class certification.

### D.   Alternatively, the Court Should Deny or Defer Ruling on the Motion to Certify Class as Premature

Plaintiff's Motion for Class Certification must be denied on its face, as a matter of law, as IS3 has not been permitted to conduct discovery with respect to class issues or develop a full

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

record in opposition to Plaintiff's Motion.  Importantly, Plaintiff requested certification of a class the day after it filed (but had not yet served) its Class Action Complaint, before Defendant has been permitted to conduct discovery, before Defendant has had an opportunity to take Plaintiff's deposition, before Defendant has had an opportunity to serve document requests or interrogatories, and before Defendant has had the opportunity to retain and disclose any necessary experts.   Plaintiff's certification-by-ambush approach flies in the face of the fundamental right to discovery and development of a full record.  It is precisely the type of approach that has repeatedly been rejected in this Circuit.

Although the "practicable" time for determining the maintainability of a class action varies from case to case, usually the determination should be predicated on more than the information contained in the complaint. *See e.g., Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1569 n.11 (11th Cir. 1992) (quoting *Falcon,* 457 U.S. at 160) (stating it is "necessary for the court to probe behind the pleadings before coming to rest on the certification question"); *Leszczynzski v. Allianz Ins.,* 176 F.R.D. 659, 669 (S.D.Fla. 1997) (finding mere speculation and "conclusory" allegations insufficient to satisfy Rule 23).  Well established case law in the courts of the Eleventh Circuit and other Circuit Courts of Appeals militate against consideration of class certification at this early stage, when no discovery has been undertaken and the court has no evidentiary record upon which to base a class certification analysis. *See e.g., Kirkpatrick v. JC Bradford & Co.,* 827 F.2d 718, 721 (11th Cir. 1987) (ruling on class certification only "after discovery and hearings"); *Skipper v. Giant Food Inc.,* 68 Fed. Appx. 393, 396 (4th Cir. 2003) (noting "[i]n recognition of the seriousness of the allegations, the district court delayed its decision on class certification until the parties had undertaken discovery and could thus provide a fuller record to the court"); *Livingston v. Assocs. Fin., Inc.,* 339 F.3d

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

553, 558-59 (7th Cir. 2003) (certifying class without briefing or "discovery into" class-related issues "effectively denied" defendant due process); *Serota v. Solitron Devices, Inc.,* 673 F.2d 566, 571 (2d Cir. 1982) (stating "a district court may be revered for premature certification if it has failed to develop a sufficient evidentiary record from which to conclude that the [Rule 23] requirements… have been met"). Likewise, in this case, Plaintiff's out-of-the-box attempt to obtain certification prior to discovery must be rejected.

To be sure, discovery is necessary regarding the prerequisites for class action. Since the Complaint provides scant factual support for the conclusory statements that the prerequisites for a class action have been met, discovery will be necessary to resolve the issue of certification. "Where... the pleadings themselves do not conclusively show whether the Rule 23 requirements are met, the parties must be afforded the opportunity to discover and present documentary evidence on the issue." *Walker v. World Tire Corp.,* 563 F.2d 918, 921 (8th Cir. 1977). For example, discovery may reveal that the Plaintiff is not a typical or an adequate representative. Fed. R. Civ. P. 23(a). This Court should have the benefit of a factual record, developed through discovery, when determining the adequacy of the proposed class representatives and the typicality of their claims. *Falcon,* 457 U.S. at 158-59 (reversing certification for failure of proof on typicality element, holding it was error for district court to presume plaintiff's claim was typical of other claims). Further, "[w]ithout reasonable specificity the court cannot define the class, [and] cannot determine whether the representation is adequate." *Id* at 160- 161 (quoting *Johnson v. Georgia Highway Exp., Inc.,* 417 F.2d 1122, at 1125-27).

IS3's need for discovery is particularly acute in this case because the Plaintiff's Motion is replete with broad generalizations and conclusory statements. There are an unclear number of representatives named as having an interest in joining this proposed class. In the absence of any

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD  - 2ND FLOOR  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

evidence about the proposed representatives and their claims, there is certainly reason to believe that the interests of thousands of individuals are conflicting.  In addition to the indistinct class size, the class period ostensibly spans several years (from the very first purchase of the STOPzilla).  Discovery is necessary to determine issues such as the adequacy and typicality of the representative class.

Furthermore, the Plaintiff's Motion does not address, among other things:

(1)      whether the proposed plaintiff class consists of members who executed their rights under the Limited Warranty,

(2)      whether the proposed plaintiff class consists of members who executed their rights pursuant to the EULA and Terms & Conditions; or

(3)      the issue of reliance, among others.

Should discovery show that certain plaintiffs pursued their rights under the Limited Warranty, used STOPzilla successfully, or did not otherwise rely on advertised statements, then this Plaintiff may not be typical of the class or have common questions of law or fact.  In sum, Plaintiff's "certify-first, ask-questions-later" approach to certification is contrary to settled precedent and to the purpose and plain language of Rule 23.   As such, this Court must reject, as premature, among other reasons, the Motion to Certify Class and enter a scheduling order that provides Alma with an appropriate opportunity to conduct class-related discovery.

WHEREFORE, the Defendant, IS3, INC., respectfully requests this Honorable Court deny Plaintiff's Motion for Class Certification.

*(Remainder of page intentionally left blank)*

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that on this **2nd** day of **July 2014**, we electronically filed the foregoing document with the Clerk of Court using EM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendants
> 1645 Palm Beach Lakes Blvd., 2nd Floor
> West Palm Beach, Florida 33401
> rachel.beige@csklegal.com
> Telephone: (561) 383-9203
> Facsimile: (561) 683-8977
>
>
> By:____*s/ Noah E. Storch*____
>           JONATHAN VINE
>           FBN: 010966
>           RACHEL K. BEIGE
>           FBN: 0016366
>           NOAH E. STORCH
>           FBN: 0085476

<u>SERVICE LIST</u>
Scott D. Owens, Esq.
Law Office of Scott D. Owens, Esq.
664 East Hallandale Beach Boulevard
Hallandale, Florida 33009
Benjamin H. Richman, Esq.*
Courtney C. Booth, Esq.*
Edelson PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
*Pro Hac Vice* admission to be sought
***via CM/ECF***