UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
9:14-cv-80693-WJZ

WENDELL SMITH, individually, and on
behalf of all others similarly situated,

    Plaintiff,

vs.

IS3, INC., a Florida Corporation,

    Defendant.
_____/

## DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

COMES NOW, Defendant, IS3, INC. (hereinafter "Defendant" or "IS3"), by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses, and in support thereof, states as follows:

### NATURE OF THE ACTION

1. The Defendant admits that it is a company that develops software to protect computers from viruses and other security threats. The remaining allegations are denied.

2. The Defendant admits that it designed the STOPzilla Antivirus and STOPzilla AntiMalware software. The remaining allegations are denied.

3. The Defendant admits that it offers 15-day free trial versions of the software. Defendant further admits that the free trial version is the same as the full registered version, except that it detects and blocks Spyware and other infections but does not remove them. The remaining allegations are denied.

4. Denied.

5. Denied.

6. The allegations of this paragraph are denied as phrased.

## PARTIES

7. The allegations of this paragraph are not directed towards Defendant and therefore, no response is required. To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

8. Admit.

## JURISDICTION AND VENUE

9. The allegations of this paragraph are not directed towards Defendant and therefore, no response is required. To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

10. The Defendant admits the Court has personal jurisdiction over it. Defendant denies any wrongdoing, unlawful conduct, or liability under the law.

11. Paragraph 11 contains venue statements to which no answer is required. To the extent an answer is required, the Defendant states that the United States District Court for the Southern District of Florida is the venue under which Defendant conducts business and maintains its headquarters and principal place of business. Defendant denies any wrongdoing, unlawful conduct, or liability under the law.

## FACTUAL BACKGROUND

**I.  A Brief Overview of iS3 and the STOPzilla Software**

12. Admit.

13. Admit.

**II.  iS3 Engineered the Trial Version of STOPzilla to Deceive Consumers into Upgrading to the Full Version**

14. Admit.

15. Admit.

16. Admit.

17. Denied.

### A. An overview of the functionality of the trial version of STOPzilla

18. Admit.

19. The allegations of this paragraph are denied as phrased.

20. The allegations of this paragraph are denied as phrased.

21. The allegations of this paragraph are denied as phrased.

22. Admit.

23. Denied.

### B. An examination of STOPzilla's functionality shows that the software falsely reports harmless files as "threats" and infections."

24. Denied.

#### 1. An explanation of cookies

25. The allegations of this paragraph are not directed towards Defendant and therefore, no response is required. To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

26. The allegations of this paragraph are not directed towards Defendant and therefore, no response is required. To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

27. The allegations of this paragraph are not directed towards Defendant and therefore, no response is required. To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

COLE, SCOTT & KISSANE, P.A.
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

28. The allegations of this paragraph are not directed towards Defendant and therefore, no response is required. To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

29. Defendant admits that it uses cookies and that its cookies will not interfere with the operation of a user's computer. The remaining allegations are denied as phrased.

30. Admit.

31. The allegations of this paragraph are denied as phrased.

> **2. iS3 designed the trial version of STOPzilla to falsely report cookies as infections that need to be fixed.**

32. The Defendant admits that Figure 6 shows the trial version of STOPzilla warning about the detection of threats and infections. The remaining allegations are denied.

33. The allegations of this paragraph are denied as phrased.

34. Admit.

35. The allegations of this paragraph are denied as phrased.

36. The allegations of this paragraph are denied as phrased.

37. Denied.

38. Denied.

**III.  iS3 Continues its Deceptive Practices in Disregard of the Changing Security Software Industry**

39. Denied.

40. The allegations of this paragraph are not directed towards Defendant and therefore, no response is required. To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

41. Denied.

### IV.   Plaintiff Smith's Experience

42.   The allegations of this paragraph are not directed towards Defendant and therefore, no response is required.  To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

43.   The allegations of this paragraph are not directed towards Defendant and therefore, no response is required.  To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

44.   The allegations of this paragraph are not directed towards Defendant and therefore, no response is required.  To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

45.   Denied.

46.   The allegations of this paragraph are not directed towards Defendant and therefore, no response is required.  To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

### CLASS ALLEGATIONS

47.   The allegations of this paragraph are not directed towards the Defendant and therefore no answer is required.  To the extent an answer is required, the Defendant denies a class action is appropriate, and denies Plaintiffs' definition of the members of the class.

48.   The allegations of this paragraph are not directed towards the Defendant and therefore no answer is required.  To the extent an answer is required, the Defendant denies a class action is appropriate, and denies Plaintiffs' definition of the members of the class.

49.   The allegations of this paragraph are not directed towards the Defendant and therefore no answer is required.  To the extent an answer is required, the Defendant denies a class action is appropriate, and denies Plaintiffs' definition of the members of the class.

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

50. The allegations of this paragraph are not directed towards the Defendant and therefore no answer is required. To the extent an answer is required, the Defendant denies a class action is appropriate, and denies Plaintiffs' definition of the members of the class.

51. The allegations of this paragraph are not directed towards the Defendant and therefore no answer is required. To the extent an answer is required, the Defendant denies a class action is appropriate, and denies Plaintiffs' definition of the members of the class.

52. The allegations of this paragraph are not directed towards the Defendant and therefore no answer is required. To the extent an answer is required, the Defendant denies a class action is appropriate, and denies Plaintiffs' definition of the members of the class.

53. The allegations of this paragraph are not directed towards the Defendant and therefore no answer is required. To the extent an answer is required, the Defendant denies a class action is appropriate, and denies Plaintiffs' definition of the members of the class.

54. The allegations of this paragraph are not directed towards the Defendant and therefore no answer is required.

**FIRST CAUSE OF ACTION**
**Fraudulent Inducement**
**(On Behalf of Plaintiff and the Class)**

55. The Defendant incorporates all responses to all previous paragraphs.

56. Denied.

57. The allegations of this paragraph are denied as phrased.

58. Denied.

59. The allegations of this paragraph are not directed towards Defendant and therefore, no response is required. To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

60. Denied.

61. Denied.

62. The allegations of this paragraph are not directed towards Defendant and therefore, no response is required.  To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

63. Denied.

64. The allegations of this paragraph are not directed towards Defendant and therefore, no response is required.  To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

**SECOND CAUSE OF ACTION**
**Breach of Contract**
**(On Behalf of Plaintiff and the Class)**

65. The Defendant incorporates all responses to all previous paragraphs.

66. The allegations of this paragraph are denied as phrased.

67. Admit.

68. Denied.

69. Denied.

70. Denied.

71. Denied

**THIRD CAUSE OF ACTION**
**Unjust Enrichment**
*In the Alternative to Breach of Contract*
**(On Behalf of Plaintiff and the Class)**

72. The Defendant incorporates all responses to all previous paragraphs.

73. Denied.

74. Denied.

75. Denied.

**COLE, SCOTT & KISSANE, P.A.**
1645 PALM BEACH LAKES BOULEVARD - 2ND FLOOR - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

76. The allegations of this paragraph are not directed towards Defendant and therefore, no response is required. To the extent a response is required, Defendant is without knowledge regarding the allegations of this paragraph and therefore denies the same.

## PRAYER FOR RELIEF

The Defendant denies any liability or wrongdoing under the law. The Defendant further denies a collective or class action is appropriate, and denies that it is responsible for any damages to Plaintiffs or any person Plaintiffs purport to represent.

## GENERAL DENIAL

Defendant denies every allegations of fact or law, and every matter, contained in the Complaint that has not been specifically admitted above in Paragraphs 1-56 of this pleading.

## DEFENSES AND AFFIRMATIVE DEFENSES[1]

1. For its first affirmative defense, Defendant affirmatively states that Plaintiff's Complaint, and each and every purported cause of action within it, fails to state a cause of action upon which relief can be granted. Plaintiff has failed to allege with the requisite degree of specificity any factual allegations sufficient to establish the requisite elements to support their Fraudulent Inducement, Breach of Contract or Unjust Enrichment claims. Further, Plaintiff has failed to set forth ultimate facts showing the Plaintiff is entitled to relief.

2. For its second affirmative defense, Defendant affirmatively states Plaintiff is precluded from bringing these claims against Defendant pursuant to the End-User License Agreement ("EULA") and the Terms & Conditions that govern Plaintiff's purchase. Specifically, Plaintiff cannot state a cause of action against Defendant for Fraudulent Inducement, Breach of Contract or Unjust Enrichment because the alleged misrepresentations and alleged breaches are specifically precluded by the EULA and Terms & Conditions.

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

3. For its third affirmative defense, Defendant affirmatively states that any of the actions allegedly taken by Defendant were in accordance with the terms of the EULA and the Terms & Conditions.

4. For its fourth affirmative defense, Defendant affirmatively states that Plaintiffs' cause of action for "Unjust Enrichment" is improper because there is an adequate legal remedy, namely, Breach of Contract. As is well settled under Florida law, unjust enrichment is an equitable remedy that is not available where there is an adequate legal remedy. *See, American Honda Motor CO., Inc. v. Motorcycle Information Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005).

5. For its fifth affirmative defense, Defendant affirmatively states that any damages allegedly suffered by Plaintiffs were due to the affirmative acts and/or omissions of Plaintiffs or others persons over whom Defendant has no control over and, therefore, does not give rise to any liability against Defendant.

6. For its sixth affirmative defense, Defendant affirmatively states that Plaintiff failed to mitigate his alleged damages and, therefore, Defendant is not responsible to the extent that Plaintiffs could have mitigated its alleged damages.

7. For its seventh affirmative defense, Defendant affirmatively states that Plaintiff's claims, or parts thereof, are barred by the doctrine of waiver and estoppel. Specifically, Plaintiff waived its right to sue by agreeing to and accepting the terms of the EULA and the Terms & Conditions.

8. For its eight affirmative defense, Defendant affirmatively states that Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of assumption of risk. Specifically, Plaintiff assumed any risk associated with using Defendant's products by agreeing to and accepting the terms of the EULA and the Terms & Conditions.

9. Defendant reserves the right to assert such other affirmative defenses available pursuant to Federal Rule of Civil Procedure 8(c) and 12(b) as may be revealed through discovery and disclosure in this matter.

WHEREFORE, the Defendant requests all relief to which it is entitled, including, but not limited to, attorneys' fees and costs on all issues to which it is the prevailing party, and any other relief which this Honorable Court deems appropriate and necessary.

**DATED:** April 9, 2015.

9:14-cv-80693-WJZ

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this **9th** day of **April 2015**, we electronically filed the foregoing document with the Clerk of Court using EM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        COLE, SCOTT & KISSANE, P.A.
        Attorneys for Defendants
        1645 Palm Beach Lakes Blvd., 2nd Floor
        West Palm Beach, Florida 33401
        rachel.beige@csklegal.com
        Telephone: (561) 383-9203
        Facsimile: (561) 683-8977

        By: *s/ Joseph F. Valdivia*
            JONATHAN VINE
            FBN: 010966
            RACHEL K. BEIGE
            FBN: 0016366
            JOSEPH F. VALDIVIA
            FBN: 0107878

**SERVICE LIST**
Scott D. Owens, Esq.
Law Office of Scott D. Owens, Esq.
664 East Hallandale Beach Boulevard
Hallandale, Florida 33009
*via CM/ECF*