## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-CV-80693-WJZ

WENDELL SMITH, individually and on
behalf of all others similarly situated,

        *Plaintiff*,

*v.*

IS3, INC., a Florida corporation,

        *Defendant*.

_____/

## JOINT DISCOVERY PLAN AND CONFERENCE REPORT

Plaintiff Wendell Smith ("Smith" or "Plaintiff"), and Defendant iS3, Inc. ("iS3" or

"Defendant") (together, the "Parties"), pursuant to Federal Rule of Civil Procedure 26(f) and

Southern District of Florida Local Rule 16.1(b), file this Discovery Plan and Conference Report

and state as follows:

    **1.**     **Proposed Case Management Track.**

This case is a putative class action. The Parties propose that the case be assigned to the

Complex Track as provided under Local Rule 16.1(a)(2)(C).

    **2.**     **Likelihood of Settlement.**

The Parties believe at this time that a class-wide settlement is unlikely. The Parties will

discuss settlement in good faith as warranted.

    **3.**     **Likelihood of Appearance in the Action of Additional Parties.**

The Parties do not believe that any additional parties will appear in this case and are

unaware of any third-party claims at this time. The Parties, however, reserve the right to amend

the pleadings as necessary based upon information learned in discovery.  The Parties' respective proposed deadlines for the joinder of any additional parties are set forth below.

> **4.      Proposed Time Limits to Join Parties, File and Hear Motions, and Complete Discovery.**

The Parties have a disagreement as to how this matter should proceed.

Plaintiff believes that phased discovery in this matter will serve only to delay these proceedings and ensure an unnecessary expenditure of time and other resources by the Parties and the Court. Plaintiff's claims—on behalf of himself and the putative class—stem from a common premise: that iS3 designed the Software to invariably and arbitrarily report numerous infections on users' computers, concealed that fact from Plaintiff and the putative class, and misrepresented to them the status of their computers. The information necessary to establish the deceptive nature of Defendant's design of and representations regarding the software—and therefore, the merits of the class's claims—will necessarily and significantly overlap with the information necessary to establish that the requisites to class certification have been satisfied.

By way of example, information related to (i) the underlying source code of the software, (ii) Defendant's representations regarding the utility of the software, (iii) the number of putative class members who purchased the software and the representations they viewed, will bear not only upon the deceptive nature of Defendant's design of and representations regarding the software and the class members' reliance thereon, but also several of Rule 23's requisites to class certification, including numerosity, typicality, commonality, and predominance.

Therefore, Plaintiff requests that class and merits discovery proceed together and proposes that the Court enter a Case Management Order as proposed by Plaintiff below.

It is Defendant's position that it is the Court's absolute discretion, pursuant to Rule 23, to order merits to proceed ahead of class.  Defendant requests that the Court allow merits discovery

and summary judgments to be filed and ruled on prior to class certification being decided (or, alternatively, that the Court permit class certification and merits discovery to proceed simultaneously so that the Defendant may file a Motion for Summary Judgment and have it decided prior to the Court ruling on class certification).  Defendant believes taking up merits discovery first ahead of class satisfies the concerns of efficiency, has the potential to greatly reduce cost, while creating no prejudice to the putative class members.

Plaintiff has broadly defined the class as any consumer of STOPzilla in the United States at any point in time, regardless of year or version purchased.  Such class definition necessitates expensive discovery and extensive motion practice regarding the improper parameters of the individuals Plaintiff purports to represent.  On the other hand, the merits issues are fairly defined. Plaintiff's purchase of the full version of the software occurred pursuant to an End-User License Agreement, providing services "as is" and without warranty of any kind.  Examining the effect of the contractual terms which contradict the alleged representations at the center of Plaintiff's claims is less expensive and more expedient than class discovery, potential certification and potential notice.  This disagreement is reflected in the various discovery plans and time periods outlined below:

|  | *Plaintiff's Proposed Deadline* | *Defendant's Proposed Deadline* |
|---|---|---|
| *Deadline to serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)* | June 1, 2015 | June 1, 2015 |
| *Deadline to file motions to amend pleadings or join parties* | July 14, 2015 | September 14, 2015 (within 90 days of the close of discovery if the Court permits merits discovery to proceed on its own)<br>or<br>November 14, 2015 (within 7 months of the close of |

| | | discovery if the Court permits merits and class to proceed simultaneously). |
|---|---|---|
| *Plaintiff's deadline to disclose experts, expert witness summaries and reports, as required by Local Rule 16.1(k)* | October 14, 2015 | As to offensive claims, either 60 days prior to close of merits discovery or 120 days prior to the close of merits and class discovery, depending upon which case plan the Court adopts.<br><br>Any expert proffered on class certification issues should be disclosed at the same time.<br><br>As to rebuttal experts, each side should then have thirty (30) days to identify the same |
| *Fact (merits) discovery cutoff* | December 14, 2015 | December 14, 2015 (7 months to complete merits discovery) or<br>June 14, 2015 (15 months to complete merits and class certification discovery). |
| *Defendant's deadline to disclose experts, expert witness summaries and reports, as required by Local Rule 16.1(k)* | January 4, 2016 | As to offensive claims, either 60 days prior to close of merits discovery or 120 days prior to the close of merits and class discovery, depending upon which case plan the Court adopts.<br><br>Any expert proffered on class certification issues should be disclosed at the same time.<br><br>As to rebuttal experts, each side should then have thirty (30) days to identify the same. |
| *Parties' deadline to exchange rebuttal expert witness summaries and reports, as required by Local Rule 16.1(k)* | January 25, 2016 | As to offensive claims, either 60 days prior to close of merits discovery. or 120 days prior to the close of merits and class discovery, depending upon which case plan the Court adopts. |

| | | Any expert proffered on class certification issues should be disclosed at the same time.<br><br>As to rebuttal experts, each side should then have thirty (30) days to identify the same |
|---|---|---|
| *Expert discovery cutoff* | February 15, 2016 | December 14, 2015 (7 months to complete merits discovery).<br>or<br>June 14, 2015 (15 months to complete merits and class certification discovery). |
| *Plaintiff's deadline to file Motion for Class Certification* | March 17, 2016 | Sixty (60) days after the Court's ruling on a Motion for Summary Judgment if claims remain. |
| *Dispositive Motion Deadline* | Sixty (60) days after the Court's ruling on Plaintiff's Motion for Class Certification[1] | Thirty (30) days after the close of discovery regardless of which case plan the Court adopts. |
| *Pre-trial Stipulation* | Parties shall file a joint pre-trial stipulation and final proposed jury instructions no later than thirty (30) days after the Court's ruling on any dispositive motions | Sixty (60) days before the trial date regardless of which case plan the Court adopts. |
| *Witness and Exhibit Lists* | Parties shall file witness and exhibit lists and all motions *in limine* no later than sixty (60) days before trial | Sixty (60) days before the trial date regardless of which case plan the Court adopts. |
| *Pretrial Conference* | Thirty (30) days before the start of trial | Thirty (30) days before the trial date regardless of which case plan the Court adopts. |

---

[1] In proposing a dispositive motion deadline after his proposed deadline to file a motion for class certification, Plaintiff, of course, recognizes that Defendant may file a motion for summary judgment prior to any briefing or decisions on class certification. Defendant maintains that its schedule is consistent with, among other things, the local rules' prohibition against filing multiple summary judgments and requests entry of an order reflecting its proposed case management plan.

5

| *Trial* | To be set at the Court's convenience | TBD by the Court in accordance with the above case plan. |

5. **Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

The Parties agree to work diligently to simplify the issues as the case progresses in accordance with the case plan this Court adopts.

Plaintiff anticipates filing a motion for judgment on the pleadings and/or summary judgment as appropriate. Plaintiff proposes a deadline for dispositive motions of no later than sixty (60) days after the Court's ruling on Plaintiff's anticipated Motion for Class Certification. Plaintiff also proposes that all limitations on discovery proceed according to the Federal Rules of Civil Procedure.

Defendant requests that the Court order that discovery proceed solely on the merits (or, in the alternative, request a schedule that will permit Defendant to brief and have decided a Motion for Summary Judgment prior to the court ruling on class certification). Defendant believes this proposal best serves the interests of, among other things, judicial economy.

Defendant further proposes numeric limits on discovery as follows:

(a) Requests for Admission: Within 7 months to complete merits discovery (or 15 months to complete merits and class discovery), each party be allowed twenty-five (25) Requests for Admission to each party in aggregate to cover both class certification and merits issues.

(b) Interrogatories: Within 7 months to complete merits discovery (or 15 months to complete merits and class discovery), each party be allowed twenty-five (25) Interrogatories, including sub-parts, related to the merits of the case, and twenty-five (25) Interrogatories, including sub-parts, related to class certification.

(c) Requests for Production or Inspection: Within 7 months to complete merits discovery (or 15 months to complete merits and class discovery), each party be allowed no more than forty (40) Requests for Production in aggregate to cover both merits and class certification issues.

(d) Oral Depositions: Within 7 months to complete merits discovery (or 15 months to complete merits and class discovery), each party be limited to ten (10) depositions in aggregate to cover both class certification and merits issues and further in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

6. **Necessity or desirability of amendments to the pleadings.**

At this time, the Parties do not anticipate amendments to the pleadings, but reserve the right to do so based upon information learned in discovery or as otherwise necessary.  The Parties' proposed deadlines are reflected in their respective case plans above.

7. **Possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

The Parties will in good faith attempt to: (1) obtain admissions of facts and of documents, electronically stored information or things which will avoid unnecessary proof, and (2) prepare stipulations regarding the authenticity of documents, electronically stored information or things. The Parties will seek advance rulings from the Court on the admissibility of evidence as necessary.

**8.** **Suggestions for the avoidance of unnecessary proof and cumulative evidence.**

The Parties will work together in good faith to enter into stipulations to avoid unnecessary proof and cumulative evidence. The Parties will only seek the Court's involvement as necessary.

**9.** **Referring matters to a Magistrate Judge or master.**

The Parties respectfully decline a referral of dispositive motions or trial to a Magistrate Judge or master.

**10.** **Preliminary estimate of the time required for trial.**

The Parties preliminarily estimate seven (7) to ten (10) days will be required for trial, subject to change depending on the Court's anticipated rulings on dispositive Motions for Judgment on the Pleadings or Summary Judgment and/or for Class Certification.

**11.** **Requested date or dates for conferences before trial, a final pretrial conference, and trial.**

The Parties request a Preliminary Pre-Trial Conference before entry of a Case Management and Scheduling Order in this matter.  Unresolved issues to be addressed at such conference include the Parties' respective case plans.

The Parties further request that a Final Pre-Trial conference take place at least thirty (30) days before trial and that the Court schedule a trial in accordance with the suggested schedule set forth above.

**12.** **Any other information that might be helpful to the Court.**

The Parties intend to jointly submit a protective order concerning anticipated discovery.

Respectfully submitted,

**WENDELL SMITH**, individually and on behalf of all others similarly situated,

Dated: May 20, 15

By: /s/ Scott D. Owens
    One of Plaintiff's Attorneys

Scott D. Owens (Florida Bar No. 597651)
scott@scottdowens.com
LAW OFFICE OF SCOTT D. OWENS, ESQ.
3800 S. Ocean Dr., Ste. 235
Hollywood, Florida 33019
Tel: 954.589.0588
Fax: 954.337.0666
Benjamin H. Richman*
brichman@edelson.com
Courtney C. Booth*
cbooth@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Pro Hac Vice* admission to be sought.

**IS3, INC.,**

Dated: May 20, 15

By: /s Rachel K. Beige
    One of its Attorneys

Jonathan Vine (Florida Bar No. 010966)
Jonathan.vine@csklegal.com
Rachel K. Beige (Florida Bar No. 0016366)
Rachel.beige@csklegal.com
Joseph F. Valdivia (Florida Bar No. 0107878)
Joseph.valdivia@csklegal.com
COLE, SCOTT & KISSANE, P.A.
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, Florida 33401
Tel: 561.383.9203
Fax: 561.683.8977

## **CERTIFICATE OF SERVICE**

       I, Scott D. Owens, an attorney, certify that on May 20, 2015, I served the above and foregoing ***Joint Discovery Plan and Conference Report***, by causing true and accurate copies of such paper to be transmitted to all counsel of record via the Court's CM/ECF electronic filing system

                                       /s/ Scott D. Owens
                                       Scott D. Owens, Esq.